[Cite as *State v. Compton*, 2012-Ohio-2936.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97959**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JOHN COMPTON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-451212

**BEFORE:** Jones, J., Celebrezze, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** June 28, 2012

**FOR APPELLANT**

John Compton, pro se
6247 Forest Park Drive
N. Ridgeville, Ohio 44039


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: T. Allan Regas
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

**{¶1}** This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records and briefs of counsel.

**{¶2}** Defendant-appellant, John Compton, appeals from the trial court's judgments denying his (1) motion for findings of fact and conclusions of law, (2) motion for order to comply with plea bargain, and (3) motion to attach supporting documentation to previously filed motion to dismiss.   We affirm.

## I.   Procedural History

**{¶3}** In February 2007, mid-trial, Compton pleaded guilty to one count each of burglary with a notice of prior conviction, attempted burglary with a notice of prior conviction, and theft with an elderly victim specification.   In March 2007, the trial court sentenced Compton to five-and-one-half-years in prison.   Compton filed a motion for a new trial, which the trial court denied.

**{¶4}** In June 2009, Compton filed a motion to vacate his sentence and for a new trial.   He also filed a notice of appeal.   This court dismissed the appeal and denied his motion for a delayed appeal.   In March 2010, Compton filed a motion to withdraw his plea, which the trial court denied.   His motion for reconsideration was denied in September 2010.   Compton appealed in October 2010, but this court dismissed the appeal for lack of a final appealable order.

**{¶5}** Compton then filed motions in the trial court (1) "requesting a final appealable order," (2) to compel discovery of grand jury testimony, (3) for clarification

and/or correction, and (4) for consecutive sentence to run concurrent. The second, third, and fourth motions were denied.

{¶6} In March 2011, ostensibly to rule on his motion for a final appealable order, the trial court issued the following judgment:

> Court denies the defendant's motion to withdraw plea, filed 3-24-10, approximately 3 years after the plea was entered in mid-trial with competent retained counsel representing him. Defendant was aware of all of the issues he is raising in his motion at the time of the plea. There is no indication in the plea that the court would have refused a short delay to obtain the records that the defendant now relies on from the Euclid jail that the defendant made his plea knowingly and voluntarily and intelligently.

{¶7} Compton appealed in April 2011, but this court dismissed the appeal in June 2011 for failure to file the record. Compton filed several more motions in August 2011, including the following: (1) motion for findings of fact and conclusions of law, (2) motion for order to comply with plea bargain, (3) motion to dismiss indictment for lack of jurisdiction, (4) motion requesting the court to revisit his previously filed motion to dismiss, (5) motion to attach supporting documentation to previously filed motion for lack of jurisdiction, and (6) motion to amend motion to dismiss for lack of jurisdiction. The trial court denied the motion for findings of fact and conclusions of law and the motion to amend the motion to dismiss in September 2011.

{¶8} In October 2011, Compton filed another motion for findings of fact and conclusions of law. In January 2012, the trial court denied the August 2011 motions for findings of fact and conclusions of law, for order to comply with the plea bargain, and request for the court to revisit the previously filed motion to dismiss. In February 2012,

the trial court denied the October 2011 motion for findings of fact and conclusions of law.

Compton now raises the following assignments of error for our review:

[I.] The court committed prejudicial error in not granting appellant's motion for order to comply with plea bargain on August 4, 2011.

[II.] The decision of the common pleas court to refuse to grant appellant's motion to dismiss on speedy trial grounds was error.

[III.] The court committed prejudicial error in not granting appellant a final appealable order and granting his motion for findings of fact and conclusion of law filed 8/3/2011, and appellant's motion to amend motion to dismiss filed 8/22/2011.

## II. Law and Analysis

{¶9} In his first assignment of error, Compton contends that the trial court erred by denying his August 2011 motion for an order complying with the plea bargain. His claim is barred under the doctrine of res judicata. In *State v. Hughes*, 8th Dist. No. 97311, 2012-Ohio-706, at ¶ 9, this court stated the following:

Res judicata bars the assertion of claims against a valid, final judgment of conviction that have been raised or could have been raised on appeal. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 59, citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. "Ohio courts of appeals have applied res judicata to bar the assertion of claims in a motion to withdraw a guilty plea that were or could have been raised at trial or on appeal." *Id.*, citing *State v. McGee*, 8th Dist. No. 91638, 2009-Ohio-3374, 2009 WL 1965292, ¶ 9. This court has consistently recognized that the doctrine of res judicata bars all claims raised in a Crim.R. 32.1 motion that were raised, or could have been raised, in a prior proceeding, including a direct appeal. *State v. Grady*, 8th Dist. No. 96523, 2011-Ohio-5503, 2011 WL 5118455, ¶ 9. In *State v. Fountain*, 8th Dist. Nos. 92772 and 92874, 2010-Ohio-1202, 2010 WL 1110568, ¶ 9, this court held that "Indeed, the right to withdraw a plea is not absolute." * * * Thus, res judicata will apply when a defendant brings

piecemeal claims in successive motions to withdraw a guilty plea that could have been raised on direct appeal. *See, e.g., Fountain* at ¶ 10.

{¶10} Compton did not appeal his conviction or the denial of the prior motion to withdraw his plea. He is therefore foreclosed from raising this issue now. The first assignment of error is overruled.

{¶11} For his second assigned error, Compton contends that the trial court erred by denying his motion to dismiss on speedy trial grounds. This claim is also barred under the doctrine of res judicata. *See generally Hughes*, supra. Moreover, the Ohio Supreme Court has held that a guilty plea waives a defendant's right to challenge his conviction on statutory speedy trial grounds. *State v. Kelly*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph one of the syllabus. The second assignment of error is therefore overruled.

{¶12} In his final assignment of error, Compton contends that there was no factual basis to the indictment against him. His argument is without merit. Compton cannot attack the sufficiency of the indictment after he entered a knowing, intelligent, and voluntary plea. Further, Compton raised this argument in his previously denied motion to withdraw his plea. The third assignment of error is overruled.

{¶13} Judgments affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of

the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KENNETH A. ROCCO, J., CONCUR