[Cite as *State v. Duncan*, 2012-Ohio-3683.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 97208**

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JAMES DUNCAN

DEFENDANT-APPELLANT

---

### JUDGMENT:
### AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-544823

**BEFORE:** Jones, P.J., S. Gallagher, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** August 16, 2012

**FOR APPELLANT**

James Duncan, Pro se
Inmate #603-472
Lebanon Correctional Institution
P.O. Box 56
Lebanon, Ohio 45036


**ATTORNEYS FOR APPELLEE**

William D. Mason
Cuyahoga County Prosecutor

BY: Jennifer A. Driscoll
Assistant County Prosecutor
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

LARRY A. JONES, SR., P.J.:

{¶1} Defendant-appellant James Duncan appeals from the trial court's judgment of conviction, contending that his speedy trial rights were violated.  We affirm.

## I.

{¶2} In December 2010, Duncan was charged in a 13-count indictment with sexually oriented offenses and specifications.  During the pretrial proceedings, defense counsel sought and was granted several continuances, primarily for the purpose of further discovery.  Although Duncan was represented by counsel throughout the entirety of the trial court proceedings, in May 2011, he filed pro se a motion to dismiss based on speedy trial grounds and a motion for discovery; the trial court did not rule on the motions.

{¶3} In June 2011, Duncan pleaded guilty to an amended Count 1, rape, and an amended Count 3, sexual battery.  The remaining charges and specifications were dismissed.  In July 2011, the trial court sentenced Duncan to an eight-year term, consisting of an eight-year sentence on the rape to be served concurrent with a four-year sentence on the sexual battery.  Duncan now appeals, contending that his speedy trial rights were violated.

## II.

{¶4} Motions not ruled on when a trial court enters final judgment are deemed denied; thus, Duncan's motion to dismiss based on speedy trial grounds is deemed denied.

*Jarrett v. Cuyahoga Cty. Common Pleas Court*, 8th Dist. No. 87232, 2006-Ohio-222, ¶

2.

{¶5} Ohio recognizes both a constitutional right to a speedy trial and a statutory right to a speedy trial. In his motion to dismiss, Duncan contended that both of his speedy trial rights had been violated. In regard to his statutory rights, Duncan waived them by pleading guilty. *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1990), paragraph one of the syllabus; *State v. Branch*, 9 Ohio App.3d 160, 162, 458 N.E.2d 1287 (8th Dist.); *State v. Compton*, 8th Dist. No. 97959, 2012-Ohio-2936, ¶ 11.

{¶6} We therefore only consider Duncan's constitutional right to a speedy trial. The analysis for consideration of a defendant's constitutional speedy trial rights is set forth in *Barker v. Wingo*, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). In *Barker*, the United States Supreme Court identified four factors to be assessed in determining whether an accused had been constitutionally denied a speedy trial: (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice to the defendant. *Id.* at 530; *see also State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 22-23, citing *Barker* at 530-531.

{¶7} In *Barker*, the United States Supreme Court stated that the length of the delay is particularly important:

> The length of the delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance. Nevertheless, because of the imprecision of the right to speedy trial, the length of delay that will provoke such an inquiry is necessarily dependent upon the peculiar circumstances of the case.

(Footnote omitted.) *Id.* at 530-531.

{¶8} The United States Supreme Court has described the length of the delay as a double inquiry. *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992). First, the defendant must make a threshold showing of a "presumptively prejudicial" delay in order to trigger the application of the *Barker* analysis. *Doggett* at 651-652, citing *Barker*. Second, after the initial threshold showing of "presumptively prejudicial" delay, the court again considers the length of delay with the other *Barker* factors. *Doggett* at 652, citing *Barker*.

{¶9} Courts have generally found postaccusation delay to be "presumptively prejudicial" as it approaches one year. *Doggett* at fn. 1. Here, approximately six months elapsed from the beginning of the case until the plea. We do not find that time frame to be presumptively prejudicial. Duncan was charged with 13 crimes, which included four charges of rape against two different victims. During the six month period that the case was pending, discovery and pretrial negotiations were ongoing and included in camera inspections by the court of files from the Cuyahoga County Department of Children and Family Services relative to the two victims.

{¶10} Because the delay in this case did not meet the threshold requirement of presumptive prejudice, Duncan was not deprived of his constitutional right to a speedy trial. The sole assignment of error is therefore overruled and the trial court's judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
KENNETH A. ROCCO, J., CONCUR