[Cite as *State v. Watson*, 2018-Ohio-4971.]

# IN THE COURT OF APPEALS
## FIRST APPELLATE DISTRICT OF OHIO
## HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NOS. C-170598 |
| | | C-170648 |
| Plaintiff-Appellee, | : | TRIAL NO. B-1505959 |
| vs. | : | *O P I N I O N.* |
| JOE B. WATSON, | : | |
| Defendant-Appellant. | : | |


Criminal Appeals From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  December 12, 2018


*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Melynda J. Machol*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*J. Rhett Baker* for Defendant-Appellant.

**Mock, Presiding Judge.**

{¶1}  Following a guilty plea, defendant-appellant Joe B. Watson was convicted of one count of felonious assault under R.C. 2911.11(A)(1), with an accompanying firearm specification.  He now appeals from that conviction.

{¶2}  Watson asserts a single assignment of error in which he contends the delay in bringing him to trial violated his constitutional right to a speedy trial.  Because we hold that Watson waived the issue by pleading guilty, we find that this assignment of error is not well taken.

{¶3}  A guilty plea constitutes a complete admission of guilt.  Crim.R. 11(B); *State v. Morgan*, 181 Ohio App.3d 747, 2009-Ohio-1370, 910 N.E.2d 1075, ¶ 23 (1st Dist.).  A defendant who enters a voluntary guilty plea while represented by competent counsel waives the right to appeal all nonjurisdictional defects in the proceedings.  *Ross v. Common Pleas Court*, 30 Ohio St.2d 323, 323-324, 285 N.E.2d 25 (1972); *State v. Calloway*, 1st Dist. Hamilton No. C-040066, 2004-Ohio-5613, ¶ 21.  That waiver includes independent claims related to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea.  *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 117; *Morgan* at ¶ 25-26.

{¶4}  It is well-settled that a guilty plea waives the defendant's right to challenge his or her conviction on statutory speedy-trial grounds.  *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1990), paragraph one of the syllabus; *Montpelier v. Greeno*, 25 Ohio St.3d 170, 170-171, 495 N.E.2d 581 (1986).  The law is less clear as to whether the same rule applies to constitutional speedy-trial violations.  *See State v. Sherrer*, 2d Dist. Greene No. 2015-CA-40, 2016-Ohio-3198, ¶ 9.

{¶5} In *State v. West*, 134 Ohio App.3d 45, 730 N.E.2d 388 (1st Dist.1999), the defendant argued that his conviction violated his constitutional right to a speedy trial. This court stated:

> It is well established that a plea of guilty waives all defects in the prosecution except those errors involving the regularity and constitutionality of the plea itself and the procedure by which it was accepted by the court, and errors challenging the subject-matter jurisdiction of the court. Accordingly, because the specific claim here was waived by [the defendant's] guilty plea, we overrule this assignment of error.

*Id.* at 52.

{¶6} Other appellate courts have reached a different conclusion. *See Sherrer* at ¶ 9; *State v. Kutkut*, 8th Dist. Cuyahoga No. 98479, 2013-Ohio-1442, ¶ 9; *State v. Carmon*, 8th Dist. Cuyahoga No. 75377, 1999 WL 1044603, *1-2 (Nov. 18, 1999). These cases rely on the concept that the statutory and constitutional rights to a speedy trial are separate and require separate analyses. *See State v. Branch*, 9 Ohio App.3d 160, 162, 458 N.E.2d 1287 (8th Dist.1983). The Eighth Appellate District stated that the enactment of the Ohio Speedy Trial Act by the legislature "does not supplant" the constitutional guarantee of a speedy trial, and that the legislature cannot "create a constitutional right through legislative action." *Id.* We disagree with those cases, and we reaffirm our holding in *West*.

{¶7} Both the Ohio Supreme Court and this court have stated that the Ohio speedy-trial statutes are the state's method of implementing the right to a speedy trial contained in the United States and Ohio Constitutions. *See State v. Adams*, 43

Ohio St.3d 67, 68, 538 N.E.2d 1025 (1989); *State v. Brewster*, 1st Dist. Hamilton Nos. C-030024 and C-030025, 2004-Ohio-2993, ¶ 3. The Ohio Supreme Court has also specifically stated that the statutory speedy-trial provisions set forth in R.C. 2945.71 et seq. are "coextensive with the constitutional speedy trial provisions." *State v. King*, 70 Ohio St.3d 158, 160, 637 N.E.2d 903 (1994), citing *State v. O'Brien*, 34 Ohio St.3d 7, 516 N.E.2d 218 (1987). Because they are coextensive, a defendant, by entering a guilty plea, generally waives both the statutory and the constitutional right to a speedy trial.

{¶8} The record shows that in accepting Watson's plea, the trial court complied with the requirements of Crim.R. 11(C). It conducted a meaningful dialogue to ensure that his plea was made knowingly, intelligently and voluntarily. *See State v. Nero*, 56 Ohio St.3d 106, 107-108, 564 N.E.2d 474 (1990); *State v. Fields*, 1st Dist. Hamilton No. C-090648, 2010-Ohio-4114, ¶ 8-9. Because Watson's plea was made knowingly, intelligently and voluntarily and he did not challenge the voluntariness of the plea, he waived both his statutory and constitutional rights to a speedy trial. Therefore, we overrule his sole assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**CUNNINGHAM** and **DETERS, JJ.,** concur.

Please note:

The court has recorded its own entry this date.