[Cite as *State v. Forrest*, 2021-Ohio-122.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109230 |
| v. | : | |
| CHRISTOPHER FORREST, | : | |
| Defendant-Appellant. | : | |

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 21, 2021

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-624782-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Debora Brewer, Assistant Prosecuting Attorney, *for appellee.*

Law Office of Timothy Farrell Sweeney and Timothy F. Sweeney, *for appellant.*

KATHLEEN ANN KEOUGH, P.J.:

{¶ 1} Defendant-appellant, Christopher Forrest, appeals his conviction following his guilty plea. Finding no merit to the appeal, we affirm.

{¶ 2} In 2018, Forrest was named in a five-count, superseding indictment, charging him with rape, attempted rape, importuning, gross sexual imposition, and kidnapping with a sexual motivation specification.[1]  All counts except the importuning charge carried a sexually violent predator specification.  He pleaded not guilty and the case was set for trial multiple times.  During voir dire on the day of trial, Forrest agreed to accept a plea deal with the state.  He pleaded guilty to an amended count of attempted rape and the importuning offense as charged; the court imposed the five-year, agreed-recommended sentence.

{¶ 3} Forrest now appeals, raising three assignments of error, which we will address together because they are interrelated, and he combined them in his brief.

{¶ 4} In his first, second, and third assignments of error, Forrest contends that he did not enter a knowing, voluntary, and intelligent plea because of his trial counsel's deficient performance in failing to pursue a dismissal based on statutory and constitutional speedy trial grounds.  In these assignments of error, he raises two issues:  (1) his speedy trial rights were violated, and (2) he was denied effective assistance of counsel because counsel failed to seek dismissal on speedy trial grounds.

{¶ 5} "When a defendant enters a guilty plea, he generally waives all appealable errors that may have occurred unless such errors are shown to have

---

[1] Forrest was originally indicted under Cuyahoga C.P. No. CR-17-621521 with two counts of rape, and one count each of kidnapping and importuning.  The state dismissed the case on July 24, 2019.

precluded a defendant from entering a knowing and voluntary plea." *State v. Geraci*, 8th Dist. Cuyahoga Nos. 101946 and 101947, 2015-Ohio-2699, ¶ 14, citing *State v. Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658 (1991), paragraph two of the syllabus.

{¶ 6} Moreover, when a defendant enters a guilty plea as part of a plea bargain, he waives a claim of ineffective assistance of counsel, except to the extent that the ineffective assistance of counsel caused the defendant's plea to be less than knowing and voluntary. *State v. Milczewski*, 8th Dist. Cuyahoga No. 97138, 2012-Ohio-1743, ¶ 5; *State v. Williams*, 8th Dist. Cuyahoga No. 100459, 2014-Ohio-3415, ¶ 11, citing *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351 (1992).

{¶ 7} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus.

{¶ 8} In this case, Forrest contends that counsel's representation fell below an objective standard of reasonable representation when counsel failed to pursue a dismissal on speedy trial grounds, thus inducing him into entering an involuntary plea. We disagree.

{¶ 9} We initially note that a guilty plea generally waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds. *Kelley*, 57 Ohio St.3d 127, 566 N.E.2d 658, at paragraph one of the syllabus; *State v. Yonkings*, 8th Dist. Cuyahoga No. 98632, 2013-Ohio-1890, ¶ 14-15. Thus, when a defendant pleads guilty, he also generally waives the right to claim that his or her counsel was ineffective based upon statutory speedy trial issues. *See, e.g., State v. Logan*, 8th Dist. Cuyahoga No. 99471, 2014-Ohio-816, ¶ 20, citing *State v. Bohanon*, 8th Dist. Cuyahoga No. 98217, 2013-Ohio-261, ¶ 8.

{¶ 10} This court has held, however, that although a defendant generally waives his statutory right to a speedy trial by pleading guilty, he does not waive his constitutional right to a speedy trial. *See State v. Kutkut*, 8th Dist. Cuyahoga No. 98479, 2013-Ohio-1442, ¶ 9, citing *State v. Carmon*, 8th Dist. Cuyahoga No. 75377, 1999 Ohio App. LEXIS 5458, 4 (Nov. 18, 1999), citing *State v. Branch*, 9 Ohio App.3d 160, 162, 458 N.E.2d 1287 (8th Dist.1983).[2]

{¶ 11} The Sixth and Fourteenth Amendments of the United States Constitution and Section 10, Article I of the Ohio Constitution guarantee a defendant the constitutional right to speedy trial. *State v. Taylor*, 98 Ohio St.3d 27, 2002-Ohio-7017, 781 N.E.2d 72, ¶ 32.

---

[2] This court recognizes that both the First and Second Appellate Districts have reached different conclusions as to whether a guilty plea waives an alleged constitutional speedy trial violation. *See, e.g., State v. Watson*, 2018-Ohio-4971, 126 N.E.3d 289 (1st Dist.), and *State v. Johnson*, 2d Dist. Greene No. 2013-CA-1, 2013-Ohio-4077.

{¶ 12} To determine whether there has been a denial of a defendant's constitutional right to a speedy trial, the court balances the four factors identified in *Barker v. Wingo*, 407 U.S. 514, 530-533, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). *State v. Long*, Slip Opinion No. 2020-Ohio-5363, ¶ 14. Those factors are: "'(1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his speedy trial right; and (4) prejudice to the defendant.'" *Id.*, quoting *State v. Hull*, 110 Ohio St.3d 183, 2006-Ohio-4252, 852 N.E.2d 706, ¶ 22, citing *Barker* at 530.

{¶ 13} A defendant must meet the "threshold requirement" of a "presumptively prejudicial" delay to trigger a *Barker* analysis. *State v. Duncan*, 8th Dist. Cuyahoga No. 97208, 2012-Ohio-3683, ¶ 8. "'Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.'" *Long* at *id.*, quoting *Barker* at 530. Courts have generally held that a delay approaching one year becomes "presumptively prejudicial." *Long* at *id.*, citing *Doggett v. United States*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992), fn. 1.

### A. Length of the Delay

{¶ 14} In this case, Forrest was arrested on September 18, 2017, and remained in jail until the time he entered his guilty plea on July 23, 2019. The length of delay was approximately two years, thus satisfying the threshold requirement of a presumptively prejudicial delay, which would weigh in Forrest's favor.

**B. Reason for the Delay**

{¶ 15} The second factor under *Barker* is the reason for the delay. A review of the record reveals that Forrest's actions contributed to much of the delay. During the pendency of the case, discovery was ongoing regarding offenses that carried a potential penalty of life in prison. On April 23, 2018, the case was called for trial and immediately prior to voir dire, Forrest requested a continuance due to an unexpected family tragedy that prevented some of his witnesses from appearing at trial. The trial was continued until June. However, in May 2018, Forrest filed a motion to disqualify counsel. Following a hearing on the motion, the court appointed new counsel, who then sought discovery and a continuance of trial. We find that Forrest's request to change counsel at this stage of the proceedings effectively caused his defense to start anew.

{¶ 16} Additionally, during the pendency of the case, Forrest underwent two psychological evaluations, one of which occurred after he submitted a series of pro se filings three months prior to trial. Additionally, two weeks prior to trial where he entered his plea, Forrest filed a "Notice of Issue of Mental Incompetence" suggesting that he was incompetent. In fact, from the time new counsel was appointed and until Forrest submitted these multiple pro se filings causing further delay, less than 12 months had passed.

{¶ 17} Finally, we recognize that the trial court entered short and general continuances of trial from July 2018 until April 2019. However, the continuances were recorded as being "at the defendant's request," and there is no evidence in the

record that the continuances or delay in trial were deliberate attempts by the state to prejudice Forrest's defense or induce a plea. *See Long*, Slip Opinion No. 2020-Ohio-5363, at ¶ 56 (DeWine, J., dissenting), citing *Barker*, 407 U.S. at 531, 92 S.Ct. 2182, 33 L.Ed.2d 101 (deliberate attempts to hamper the defense weigh against the government).

{¶ 18} Based on the record before this court, we find that Forrest caused most of the delay in this case; thus the second *Barker* factor weighs against him.

### C. Assertion of Speedy Trial Right

{¶ 19} The third factor to consider is the defendant's assertion of his right to a speedy trial. Forrest contends on appeal that he "repeatedly demanded his speedy trial rights in written pro se motions and other filings." The record reflects that Forrest submitted multiple filings to the court in which he questioned the length of delay of his trial. *See* Correspondence dated April 2, 2019; pro se Motion for Discharge for Delay of Trial dated April 2, 2019; and pro se Motion for dismissal dated June 4, 2019. Notwithstanding these pro se filings, Forrest was represented by counsel at all times, and Ohio does not recognize hybrid representation. *State v. Thompson*, 33 Ohio St.3d 1, 6, 514 N.E.2d 407 (1987) (neither the United States Constitution nor the Ohio Constitution require hybrid representation).

{¶ 20} Even considering his pro se filings, Forrest's initial assertion of his right to a speedy trial occurred after he received new counsel and only three months prior to him accepting a plea deal. By this time, the days he now complains of on appeal — the "rote" continuances of trial from July 2018 to April 2019 — occurred

prior to his assertion. Accordingly, the timeliness of his assertion is questionable. *See State v. Doggett*, 505 U.S. 647, 651, 112 S.Ct. 2686, 120 L.Ed.2d 520 (1992) (assertion of speedy trial must be in due course and timely).

{¶ 21} Additionally, his second request for a speedy trial occurred right before he presented the court with concerns about his competency to stand trial. Thus, although he was demanding a speedy trial, he was also causing additional delay by professing incompetence and making pro se requests. Forrest's differing actions did "not convey an earnest desire to have his case move quickly." *See Long*, Slip Opinion No. 2020-Ohio-5363, at ¶ 66 (DeWine, J., dissenting).

{¶ 22} Accordingly, we find that this factor weighs against Forrest.

### D. Prejudice from the Delay

{¶ 23} The fourth *Barker* factor is prejudice to the defendant. Recently, the Ohio Supreme Court reiterated that "[t]he prejudice factor in the analysis 'should be assessed in the light of the interests of defendants[,] which the speedy trial right was designed to protect.'" *Long* at ¶ 22, quoting *Barker*, 407 U.S. at 532, 92 S.Ct. 2182, 33 L.Ed.2d 101. The three interests are: "(i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." *Id.* The third interest — the impact of the delay on the ability of the defendant to prepare his defense — is the greatest concern because it "'skews the fairness of the entire system.'" *Id.*

{¶ 24} Forrest summarily contends that he was prejudiced because his pretrial incarceration of nearly two years was oppressive and caused him an increase

in anxiety and concern. In support, he directs this court to the competency evaluation performed in June 2019, which was submitted to this court under seal.[3] Our review of the report reveals that Forrest has a history of depression. He received mental health treatment in 2016 while he was in prison and continued to receive services for depression following his release. The report noted that while he waited for trial in the present case, Forrest continued to suffer from mild depression and was taking antidepressant and antianxiety medications. Despite his diagnosis, the report indicated that he was able to understand the risk of trial, and capable of evaluating information to make a rational choice to either take a plea deal or go to trial.

{¶ 25} He further argues that the long passage of time presented "grave risks that his defense would be impaired" because the allegations were "of a very young teen, whose mother was strongly supportive of Forrest and did not want to pursue the charges." It appears that Forrest is suggesting that the support of the victim's mother was crucial to his defense, and the delay jeopardized that support. Nevertheless, Forrest does not identify how his pretrial incarceration or delay in trial hindered his ability gather evidence, contact witnesses, or prepare for his defense. *See Barker* at 533. Accordingly, we find that Forrest has failed to show any reasonable prejudice sufficient to suggest that this *Barker* factor should weigh in his favor.

---

[3] This court granted Forrest's request to supplement the appellate record with the competency evaluation dated June 14, 2019.

{¶ 26} Balancing the *Barker* factors, we find that no violation of Forrest's constitutional speedy trial right. Accordingly, a motion to dismiss based on a claim of a speedy-trial violation would have been meritless; therefore, his counsel did not provide ineffective assistance by failing to pursue dismissal on this basis. Our review of the record demonstrates that Forrest entered a knowing, intelligent, and voluntary plea to the offenses of attempted rape and importuning. The assignments of error are overruled.

{¶ 27} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MICHELLE J. SHEEHAN, J., CONCUR