[Cite as *State v. Mitchell*, 2023-Ohio-724.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210623 |
| | | TRIAL NO.   B-2000233 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| RAMON MITCHELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 10, 2023

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Law Office of Michele L. Berry, LLC*, and *Michele L. Berry*, for Defendant-Appellant.

**CROUSE, Presiding Judge.**

{¶1} Defendant-appellant Ramon Mitchell pled guilty to misdemeanor possession of marijuana. Mitchell now appeals his conviction, claiming that his right to a speedy trial was violated; that his guilty plea is invalid because he pled guilty to a charge that does not exist under Ohio law; that he received ineffective assistance of counsel; and that the cumulative effect of these errors requires reversal of his conviction. For the reasons set forth below, we reject each of Mitchell's claimed errors and affirm the judgment of the trial court.

## I. Factual and Procedural History

{¶2} On January 12, 2020, Mitchell was arrested following a traffic stop. At the time of his arrest, he was in possession of a total of 175 grams of marijuana, divided into multiple baggies. He was also in possession of a digital scale and $9,401 in cash. Mitchell admitted to police that he occasionally sold marijuana to help finance his own usage. Mitchell also produced documentation suggesting that he had recently received a large amount of cash in settlement of a workers' compensation claim.

{¶3} Mitchell was initially charged in municipal court with possession of less than 200 grams of marijuana, in violation of R.C. 2925.11, and possession of drug paraphernalia, in violation of R.C. 2925.14. Both charges are fourth-degree misdemeanors. The case was referred to the grand jury, which returned an indictment for trafficking in marijuana, in violation of R.C. 2925.03(A)(2), a fifth-degree felony. On January 22, Mitchell was released on bond. Mitchell was represented by appointed counsel throughout these proceedings.

{¶4} Over the following 21 months, three different attorneys from the public defender's office withdrew from representation. On October 7, 2021, the court

appointed Mitchell a fourth attorney from the panel of private attorneys who accept court appointments. In that same time, two judges recused themselves from hearing Mitchell's case. Between September 21 and October 13, 2021, Mitchell filed four pro se motions asking to have the judge disqualified, to remove his appointed counsel, and to have his case dismissed on evidentiary and speedy-trial grounds.

{¶5}    On October 21, with the advice of newly-appointed counsel, Mitchell withdrew his outstanding motions and not-guilty plea and entered a plea of guilty to an amended charge of marijuana possession, as a first-degree misdemeanor. The trial court sentenced Mitchell to 27 days in the Hamilton County Justice Center, granted credit for 27 days served, and remitted all costs. This timely appeal followed.

## II. Analysis

{¶6}    Mitchell raises four assignments of error for our consideration. In his first assignment of error, Mitchell claims that his right to a speedy trial was violated. In his second assignment of error, Mitchell argues that his guilty plea was invalid because there is no first-degree-misdemeanor charge under Ohio law for possession of marijuana and because it was not made knowingly, intelligently, and voluntarily. In his third assignment of error, Mitchell claims that he received constitutionally ineffective assistance of counsel. In his fourth assignment of error, Mitchell argues that the cumulative effect of these errors "demands reversal." We address each of these arguments in turn.

### A. Speedy Trial

{¶7}    Mitchell argues that the span of 647 days that elapsed from his arrest until the date he pleaded guilty violated his right to a speedy trial under the state and federal constitutions, as well as under R.C. 2945.71. Mitchell advances several

3

arguments on this issue, none of which overcome the fact that he eventually withdrew his motion to dismiss on speedy-trial grounds and entered a guilty plea.

{¶8} Mitchell filed a pro se motion to dismiss on speedy-trial grounds on October 13, 2021. At the hearing on October 21, after Mitchell informed the court that he and the state had reached an agreement, but before entering his guilty plea, Mitchell withdrew all outstanding motions. The court then engaged in a plea colloquy with Mitchell and accepted his guilty plea.

{¶9} By entering a guilty plea, a defendant "waives both the statutory and the constitutional right to a speedy trial." *State v. Watson*, 2018-Ohio-4971, 126 N.E.3d 289, ¶ 7 (1st Dist.). *See State v. Morris*, 1st Dist. Hamilton No. C-180520, 2019-Ohio-3011, ¶ 6, quoting *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 105 ("A guilty plea waives 'any complaint as to claims of constitutional violations not related to the entry of the guilty plea.' ").

{¶10} Because by entering a guilty plea, Mitchell waived his speedy-trial claim, we overrule his first assignment of error.

### B. Validity of Mitchell's Guilty Plea

{¶11} Mitchell argues that his guilty plea is invalid on the basis that (1) the plea was to a nonexistent charge under Ohio law, and (2) his plea was not made knowingly, voluntarily, or intelligently because he misunderstood the nature of the charge to which he was pleading.

{¶12} "To determine whether a plea was entered knowingly, voluntarily, and intelligently, 'an appellate court examines the totality of the circumstances through a de novo review of the record.' " *State v. Illing*, 1st Dist. Hamilton No. C-220166, 2022-Ohio-4266, ¶ 12, quoting *State v. Foster*, 2018-Ohio-4006, 121 N.E.3d 76, ¶ 33 (1st

4

Dist.) (Zayas, J., concurring in part and dissenting in part). "A trial court must strictly comply with the constitutional notifications contained in Crim.R. 11(C)(2)(c)." *Id.* at ¶ 14, citing *State v. Green*, 1st Dist. Hamilton No. C-170477, 2019-Ohio-1428, ¶ 3. The trial court must also "substantially comply with the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and (b)." *Id.* at ¶ 15, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14.

{¶13} Our review of the record shows that the trial court strictly complied with the requirements of Crim.R. 11(C)(2)(c) and substantially complied with the requirements of Crim.R. 11(C)(2)(a) and (b).

{¶14} Mitchell argues that the trial court was required to recite the elements of the charged offense, and the trial court failed to do so. Such failure, Mitchell claims, renders his plea constitutionally infirm, as it prevented the plea from being made knowingly, voluntarily, or intelligently. However, this argument is without merit, as " 'the courts of this state have generally held that a detailed recitation of the elements of the charge is not required under Crim.R. 11(C)(2)(a).' " *State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 57, quoting *State v. Swift*, 86 Ohio App.3d 407, 412, 621 N.E.2d 513 (11th Dist.1993), citing *State v. Rainey*, 3 Ohio App.3d 441, 442, 446 N.E.2d 188 (10th Dist.1982).

{¶15} Mitchell has also claimed that he pleaded guilty to a nonexistent crime under Ohio law, namely possession of marijuana as a first-degree misdemeanor. Under R.C. 2925.11(C)(3), the degree of the offense of marijuana possession is determined by the amount of marijuana the offender possessed. Possession of less than 100 grams of marijuana is a minor misdemeanor. R.C. 2925.11(C)(3)(a). Possession of at least 100 grams, but less than 200 grams, is a fourth-degree

misdemeanor. R.C. 2925.11(C)(3)(b). Possession of at least 200 grams is a felony, ranging from a fifth- to a second-degree felony, depending on the amount. R.C. 2925.11(C)(3)(c)-(g). Mitchell is correct that no amount of marijuana possession corresponds to a first-degree misdemeanor.

{¶16} Nonetheless, Ohio courts have routinely held that a person may plead guilty to a nonexistent offense as part of the plea-bargaining process. For example, Ohio courts have upheld guilty pleas to attempted involuntary manslaughter, which is not only a nonexistent crime, but a logically inconsistent one. *See, e.g., State v. Lester*, 8th Dist. Cuyahoga No. 106850, 2018-Ohio-4893 (affirming a guilty plea to nonexistent crime of attempted involuntary manslaughter, on the basis that it was bargained for); *State v. Toms*, 2d Dist. Clark No. 2000 CA 64, 2001 Ohio App. LEXIS 3944 (Sept. 7, 2001) (affirming a guilty plea to attempted involuntary manslaughter, without comment on the existence of such a crime, because any potential error was invited); *State v. Wickham*, 5th Dist. Muskingum No. CA 76-40, 1977 Ohio App. LEXIS 10210 (Sep. 28, 1977) (affirming a guilty plea to the nonexistent crime of attempted involuntary manslaughter, while questioning the technical and logical consistency of such a plea).

{¶17} Here, Mitchell was facing a fifth-degree-felony charge of trafficking in marijuana. On advice of counsel, Mitchell negotiated a plea to a first-degree-misdemeanor possession charge. Having received the benefit of his bargain, Mitchell cannot now complain that the negotiated charge does not exist.

{¶18} Finally, Mitchell complains that at the time he entered his plea, he did not understand which charge he was pleading guilty to. Mitchell argues that he was attempting to plead guilty to the fourth-degree-misdemeanor charge of possession and

misunderstood that he was actually pleading guilty to a first-degree misdemeanor.

{¶19} Mitchell's claimed confusion is contradicted by the record. The trial court fully informed him of the nature of his plea during the plea colloquy. Further, Mitchell had previously filed multiple pro se motions in which he referred to the fact that the fourth-degree-misdemeanor charge had already been dismissed.

{¶20} We find no merit in Mitchell's arguments that his guilty plea was invalid. Accordingly, we overrule his second assignment of error.

### C. Ineffective Assistance

{¶21} Mitchell argues that he received ineffective assistance of trial counsel on the basis that counsel: (1) permitted him to enter a guilty plea to a nonexistent charge; (2) failed to ensure that he understood the charge to which he pled; (3) failed to pursue his claim of a speedy-trial violation; (4) waived time without his permission; and (5) failed to have his misdemeanor charges bound over from municipal court to the court of common pleas.

{¶22} In order to reverse a conviction for ineffective assistance of counsel, "the defendant must demonstrate that (1) counsel's performance was deficient, meaning it fell below an objective standard of reasonableness; and (2) the performance caused actual prejudice to the defendant, meaning there is a reasonable probability that the outcome would have been different, but for the deficient performance." *State v. Parker*, 1st Dist. Hamilton No. C-210440, 2022-Ohio-3831, ¶ 20, citing *State v. Rosemond*, 1st Dist. Hamilton No. C-180221, 2022-Ohio-111, ¶ 10, citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989). "Appellant's failure to satisfy either prong is dispositive." *Id.*, citing *Rosemond* at ¶ 11; *Strickland*

at 697.

{¶23} None of Mitchell's claimed deficiencies constitutes error. Mitchell's guilty plea to a first-degree misdemeanor allowed him to avoid the risk of being convicted of a fifth-degree felony. The plea colloquy established that Mitchell was accurately apprised of the charge to which he pled. The misdemeanor charges in municipal court were dismissed before Mitchell entered his guilty plea.

{¶24} Counsel was not ineffective for failing to pursue Mitchell's speedy-trial claim. Mitchell's attorneys routinely filed motions for continuances with the court, waiving time. Although Mitchell now objects to these time waivers, it is well-established that "speedy trial rights may be waived by defense counsel, with or without the defendant's consent." *State v. Chiles*, 8th Dist. Cuyahoga No. 103179, 2016-Ohio-1225, ¶ 6, citing *State v. King*, 70 Ohio St.3d 158, 160, 637 N.E.2d 903 (1994). Thus, the likelihood that Mitchell could succeed on a speedy-trial claim was substantially in doubt. Mitchell's attorney was not deficient for counseling a guilty plea to a lesser charge in light of the weakness of Mitchell's speedy-trial claim.

{¶25} Even if any of these issues did demonstrate deficient performance, Mitchell has not shown that he was prejudiced. Mitchell argues on appeal that he had intended to plead guilty to possession of marijuana as a fourth-degree misdemeanor, rather than a first-degree misdemeanor. However, his sentence was within the permissible range for a fourth-degree-misdemeanor charge. Mitchell was sentenced only to time served, he was not fined, and the court remitted costs.

{¶26} Based on the above, Mitchell has not established that counsel's performance was deficient. Even if counsel's performance was deficient in some way, Mitchell has not shown actual prejudice resulting from counsel's performance. We

overrule Mitchell's third assignment of error.

### D. Cumulative Error

**{¶27}** In his fourth assignment of error, Mitchell claims that the cumulative effect of the errors raised in the first three assignments prejudiced him and demands reversal of his conviction.

**{¶28}** Because we have not found any instances of error, we cannot find cumulative error. We overrule Mitchell's fourth assignment of error.

### III. Conclusion

**{¶29}** For the foregoing reasons, we overrule all four of Mitchell's assignments of error and affirm the judgment of the trial court.

Judgment affirmed.

**WINKLER** and **BOCK, JJ.**, concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.