[Cite as *State v. Lawson*, 2025-Ohio-818.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | | |
|---|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. | C-240325 |
| | | TRIAL NO. | B-2305068 |
| Plaintiff-Appellee, | : | | |
| vs. | : | | |
| | | *O P I N I O N* | |
| ERNEST LAWSON, | : | | |
| Defendant-Appellant. | : | | |

Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: March 12, 2025

*Connie Pillich*, Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Bryan R. Perkins*, for Defendant-Appellant.

**CROUSE, Judge.**

**{¶1}** Defendant-appellant Ernest Lawson asks us to reverse his conviction on a guilty plea for rape, based on alleged violations of his statutory and constitutional rights to a speedy trial. We reject Lawson's request for three reasons: (1) Ohio Supreme Court precedent holds that Lawson waived his statutory speedy-trial rights by pleading guilty, (2) this court's cases hold similarly with respect to Lawson's constitutional speedy-trial rights, and (3) Lawson affirmatively waived his constitutional right to a speedy trial during his Crim.R. 11 colloquy. We therefore affirm Lawson's conviction.

## I. BACKGROUND

**{¶2}** On October 20, 2023, Lawson was indicted on three counts of rape, in violation of R.C. 2907.02(A)(2) and two counts of felonious assault, in violation of R.C. 2903.11(A)(1) and (2) respectively. Lawson pled "not guilty."

**{¶3}** After a five-month period that included several continuances, the withdrawal and reinstatement of defense counsel, and the recusal and replacement of the trial judge, Lawson filed a motion to dismiss the indictment for violations of his right to a speedy trial on March 12, 2024. After briefing and argument, the trial court denied that motion and set the case for trial. But, by the time the trial date arrived, the parties had struck a deal: Lawson agreed to plead guilty to one count of rape in violation of R.C. 2907.02(A)(2) with a firearm specification, and, in return, the State agreed to dismiss all other charges and specifications. As part of the deal, the parties agreed to recommend a five-year-minimum indeterminate sentence on the rape charge, with an additional three years for the firearm specification.

**{¶4}** The trial court informed Lawson on the record that, by pleading guilty, he was waiving numerous constitutional rights—including his "right to a speedy trial." Lawson consented and reaffirmed his decision to change his plea to "guilty." The trial

court accepted his guilty plea, found him guilty, and imposed the agreed-upon sentence. This appeal timely followed.

## II. SPEEDY-TRIAL CLAIMS

{¶5} In his sole assignment of error, Lawson challenges the trial court's denial of his motion to dismiss based on violations of his right to a speedy trial. He argues that he was entitled to dismissal under Ohio's speedy-trial statute, R.C. 2945.71 et seq. In the alternative, he asserts that he was entitled to dismissal under the speedy-trial guarantee set forth in the Sixth Amendment to the Federal Constitution, as incorporated against the states by the Fourteenth Amendment, as well as the speedy-trial protections enshrined in Article I, Section 10 of the Ohio Constitution.

{¶6} As Lawson acknowledges, his request is a difficult one. Lawson pled guilty, waiving his right to trial by jury, along with many other constitutional protections accorded criminal defendants. The Ohio Supreme Court has squarely and categorically held that a "plea of guilty waives a defendant's right to challenge his or her conviction on statutory speedy trial grounds pursuant to R.C. 2945.71(B)(2)." *State v. Kelley*, 57 Ohio St.3d 127 (1991), paragraph one of the syllabus, citing *Montpelier v. Greeno*, 25 Ohio St.3d 170 (1986). Because Lawson does not attack the voluntariness of his guilty plea, we must conclude he waived his statutory right to a speedy trial under R.C. 2945.71 when he pled guilty, and thus he cannot now attempt to overturn his conviction on that basis.

{¶7} Lawson distinguishes, however, between his *statutory* speedy-trial rights and his *constitutional* speedy-trial rights. At least one of our sister districts draws this distinction and has held that, while a guilty plea waives a defendant's right to claim statutory speedy-trial protections, it does not waive his right to assert his *constitutional* speedy-trial rights. *See, e.g., State v. Kutkut*, 2013-Ohio-1442, ¶ 9 (8th

3

Dist.) (distinguishing between "[t]he constitutional right to a speedy trial" and the "statutory right to a speedy trial," only the latter of which is waived by a guilty plea). This distinction, the Eighth District contends, arises because the two rights are analytically distinct, and because the legislature cannot limit the scope of constitutional protections by statute. *See State v. Branch*, 9 Ohio App.3d 160, 162 (8th Dist. 1983) ("The enactment of the Speedy Trial Act by the Ohio Legislature may 'implement' the constitutional guarantees of a speedy trial, but it does not supplant them, nor can the Ohio Legislature create a constitutional right through legislative action.").

{¶8} But we have already considered and rejected the very Eighth District rule that Lawson now urges us to adopt. In *State v. Watson*, 2018-Ohio-4971, ¶ 6-7 (1st Dist.), we acknowledged the rationale of the Eighth District's dual-track speedy-trial jurisprudence, but found that it ran afoul of Ohio Supreme Court language and this court's prior decisions. We noted that in 1999 we had already held that a defendant's guilty plea waived his constitutional right to a speedy trial. *Id.* at ¶ 5, quoting *State v. West*, 134 Ohio App.3d 45, 52 (1st Dist. 1999). And we further noted that the Ohio Supreme Court had concluded that "the statutory speedy trial provisions set forth in R.C. 2945.71 et seq. are 'coextensive with the constitutional speedy trial provisions.'" *Id.* at ¶ 7, quoting *State v. King*, 70 Ohio St.3d 158, 160 (1994); *see also State v. O'Brien*, 34 Ohio St.3d 7, 9 (1987) ("a knowing, voluntary, express written waiver of an accused's statutory speedy trial rights may equate with a waiver of the coextensive constitutional rights, at least for the time period provided in the statute"). Thus, we held in *Watson* that "[b]ecause they are coextensive, a defendant, by entering a guilty plea, generally waives both the statutory and the constitutional right to a speedy trial." *Watson* at ¶ 7.

**{¶9}** Lawson offers little in the way of argument to explain why our holding in *Watson* was erroneous. *Watson*, therefore, controls.

**{¶10}** Admittedly, *Watson* held that a guilty plea "*generally* waives both" species of speedy-trial rights, not that it *always* does so. *See id.* Lawson points out, correctly, that any waiver of a constitutional trial right must be affirmative, knowing, intelligent, and voluntary. *See State v. Simpson*, 2 Ohio App.3d 40, 42 (1st Dist. 1981), citing *Brookhart v. Janis*, 384 U.S. 1, 4 (1966). He then contends that the record clearly disclosed his intent to pursue his speedy-trial claim and that his change-of-plea form did not indicate that he intended to waive his speedy-trial rights.

**{¶11}** While Lawson's assertions regarding his paperwork and his zealous pursuit of his speedy-trial claim are true, they leave out one crucial detail: Lawson affirmatively waived his constitutional right to a speedy trial in open court during his plea colloquy. During the Crim.R. 11 colloquy, Lawson and the trial court engaged in the following exchange:

> THE COURT: . . . Do you understand *you have a right to a speedy trial* and to be represented by an attorney throughout the trial, and an attorney will be provided at no cost if you cannot afford one?
>
> THE DEFENDANT: Yes, sir.
>
> . . .
>
> THE COURT: Do you understand these rights I've gone over with you?
>
> THE DEFENDANT: I do.
>
> THE COURT: Do you have any questions?
>
> THE DEFENDANT: No, sir.
>
> THE COURT: Do you understand *you're voluntarily waiving*

*those constitutional rights* and you're not going to have a trial at all?

THE DEFENDANT: Yes, sir.

(Emphasis added.) Lawson thus clearly and unambiguously waived his right to a speedy trial. We therefore hold that, even assuming a hypothetical defendant *could* argue that his guilty plea had not knowingly, intelligently, and voluntarily waived his constitutional speedy-trial rights, Lawson would not be that defendant.[1]

### III. CONCLUSION

{¶12} In short, under binding Ohio Supreme Court precedent, Lawson's guilty plea waived his right to bring a statutory speedy-trial claim. Our own precedents suggest that same plea waived Lawson's constitutional speedy-trial rights as well. But, even if they didn't, Lawson expressly and unambiguously waived his constitutional speedy-trial rights during his plea colloquy. Because Lawson has not challenged the voluntariness of his guilty plea, we hold that he has waived both his statutory and constitutional rights to a speedy trial, overrule his sole assignment of error, and affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **BOCK, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

---

[1] We further note that Lawson never raised a constitutional speedy-trial argument in the court of common pleas; he asserted only his statutory speedy-trial rights. He made no mention of the constitutional right in his papers below, nor in open court, based on the transcript of proceedings. And when the prosecutor asserted at the motion-to-dismiss hearing that the speedy-trial right at issue was statutory, not constitutional, Lawson's counsel made no attempt to correct him. Thus, even if *Watson* does not foreclose a constitutional speedy-trial challenge to a conviction on a guilty plea, and even if Lawson had not unambiguously waived his constitutional speedy-trial right during his plea colloquy, his failure to make his constitutional argument below would have amounted to forfeiture.