[Cite as *State v. Johnson*, 2024-Ohio-3106.]

**COURT OF APPEALS OF OHIO**

**EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA**

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

    v.                                        :                    No. 113151

MYRON JOHNSON,                         :

    Defendant-Appellant.          :

---

**JOURNAL ENTRY AND OPINION**

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** August 15, 2024

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-677883-A

---

***Appearances:***

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and Maalaea Newell, Assistant Prosecuting
Attorney, *for appellee.*

Joseph V. Pagano, *for appellant.*

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant Myron Johnson ("Johnson") appeals his sentence and asks this court to vacate his sentence and remand to the trial court for resentencing. We affirm Johnson's sentence.

**{¶2}** Johnson pleaded guilty, in an amended indictment, to two counts of felonious assault, second-degree felonies, in violation of R.C. 2903.11(A)(2). The trial court sentenced Johnson to two years' imprisonment for each count to be served concurrently to each other for a total of two years in prison. In accordance with the Reagan Tokes Law, the trial court advised Johnson that if the Ohio Department of Rehabilitation and Correction, after a hearing, makes determinations regarding Johnson's conduct in prison, he could serve up to an additional year in prison.

## I.    Facts and Procedural History

**{¶3}** On November 9, 2022, Johnson arrived at a tire shop and demanded that an employee provide Johnson with the name and address of a previous employee. When the employee did not comply, Johnson pulled out a gun and pointed it at her and threatened to shoot. Another employee asked Johnson to leave the tire shop, and Johnson pointed the gun at him. Surveillance footage captured the incident. The police were called. Johnson was charged with two counts of felonious assault with one- and three-year firearm specifications.

**{¶4}** At the time of the incident, Johnson suffered from schizophrenia, diagnosed in 2017 and was not taking his medication. However, after Johnson's sanity was evaluated by the court's psychiatric clinic, he was found to be sane at the time of the incident. In accordance with a plea agreement with the State,

Johnson pleaded to the two counts of felonious assault and the gun specifications were nolled.

{¶5} On August 22, 2023, Johnson's case proceeded to sentencing. According to the journal entry, "the court considered all required factors of the law" and found "that prison is consistent with the purpose of R.C. 2929.11." Journal Entry No. 156112967 (Aug. 22, 2023). The trial court imposed a prison sentence of two years. Johnson appealed his sentence, assigning one error for our review:

> Appellant's prison sentence is contrary to law under Ohio's sentencing statutes and violates his rights to due process and to a fair sentence because it failed to properly weigh and consider mitigating factors and the statutory factors set forth in R.C. 2929.11 and 2929.12 and improperly imposed indefinite sentences on both felony convictions.

## II.    Standard of Review

{¶6} We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 2016-Ohio-1002, ¶ 1, 21. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that the record does not support the sentencing court's findings as required by relevant sentencing statutes or the sentence is otherwise contrary to law. A sentence is contrary to law if it falls outside the statutory range for the offense or if the sentencing court failed to consider the purposes and principles of sentencing

set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. Pawlak*, 2016-Ohio-5926, ¶ 58 (8th Dist.). Conversely, if the sentence is within the statutory range for the offense and the trial court considered both the purposes and principles of felony sentencing in R.C. 2929.11 and the seriousness and recidivism factors in R.C. 2929.12, the court's imposition of any prison term for a felony conviction is not contrary to law. *State v. Woodard*, 2018-Ohio-2402, ¶ 35 (8th Dist.); *see also State v. Clay*, 2020-Ohio-1499, ¶ 26 (8th Dist.), citing *Pawlak* at ¶ 58.

### III.  Law and Analysis

{¶7} In Johnson's sole assignment of error he argues that his sentence is contrary to law because (1) the trial court did not consider the statutory sentencing factors pursuant to R.C. 2929.12(B)(4), (2) it imposes a sentence greater than necessary to accomplish the overriding purposes of sentencing pursuant to R.C. 2929.11, and (3) it imposes indefinite sentences on each conviction when the trial court found both convictions were qualifying felonies.

#### A.    R.C. 2929.11 and 2929.12

{¶8} R.C. 2929.12(B)(4) states:

> The sentencing court shall consider all of the following that apply regarding the offender, the offense, or the victim, and any other relevant factors, as indicating that the offender's conduct is more serious than conduct normally constituting the offense: The offender's occupation, elected office, or profession obliged the offender to prevent the offense or bring others committing it to justice.

{¶9} In the appellant's brief, he does not provide an argument in support of this issue. However, the appellant does argue that R.C. 2929.12(B)(2) is the only factor that applies in this case. The appellant argues that because of his mental illness, he did not intend to harm anyone, and the trial court should consider his mental illness for the purposes of imposing an appropriate sentence.

{¶10} "R.C. 2929.11 addresses the purposes of felony sentencing while R.C. 2929.12 addresses the factors that a trial court should take into account when imposing a sentence pursuant to R.C. 2929.11." *State v. Pettigrew*, 2023-Ohio-3877, ¶ 11 (8th Dist.), citing *State v. Jones*, 2020-Ohio-6729, ¶ 18, 19. "Neither of these sections require a trial court to make any specific factual findings on the record." *Id.*, citing *id.* at ¶ 20, citing *State v. Wilson*, 2011-Ohio-2669, ¶ 31. "The court's consideration of the factors is presumed unless the defendant affirmatively shows otherwise." *Id.*, citing *State v. Wright*, 2018-Ohio-965, ¶ 16 (8th Dist.). "The 'court's statement in its sentencing journal entry that it considered the required statutory factors is alone sufficient to fulfill its obligations under R.C. 2929.11 and 2929.12.'" *Id.*, quoting *id.*

{¶11} The trial court's journal entry indicates that it "considered all required factors of the law" and found that prison was "consistent with the purpose of R.C. 2929.11." Further, during sentencing, the trial court advised:

> So I want you to know, Mr. Johnson, that in imposing the following sentences, first of all, I'm taking into account everything that the prosecutor said, that your lawyer said, and that you said. . . . Second, obviously, I've watched the video. I'm taking that into account. Third,

the following written information: the presentence report dated August 17 and completed by Investigator Dorothy Davis. I've reviewed the June 26th three-page reintegration plan completed by the social worker, Ariel Irwin-Peel, of Ms. Dobroshi's office. I've considered the August 14, 2022 seven-page report of Michael Aronoff of the court clinic. And I've rereviewed the April 17 competency report and the July 6th sanity evaluation. Additionally, I'm taking into account the sentencing guidelines in Chapter 2929 of the Ohio Revised Code.

Tr. 44-45.

{¶12} Based on the trial court's statements and the record before us, we are persuaded that the trial court was aware of all the mitigation evidence presented at the sentencing hearing. Further, the court's statements during the sentencing hearing and in the journal entry demonstrate that the court considered the required factors. *See Pettigrew* at ¶ 17.

{¶13} Pursuant to the Supreme Court's guidance concerning appellate review of R.C. 2929.11 and 2929.12 in *Jones*, 2020-Ohio-6729, at ¶ 18, 19, we cannot say that Johnson has clearly and convincingly demonstrated that his sentence was contrary to law. Johnson's sentence is within the statutory range permitted for the offenses that he pled guilty to, and the trial court considered the principles and purposes of felony sentencing under R.C. 2929.

## B.  Indefinite Sentences

{¶14} Further, Johnson argued that the trial court's imposition of an indefinite sentence was invalid and not properly done. R.C. 2929.144(B)(3) states:

The court imposing a prison term on an offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree shall determine the maximum prison term that is part of the sentence in accordance with

the following: If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that all of the prison terms imposed are to run concurrently, the maximum term shall be equal to the longest of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of the first or second degree for which the sentence is being imposed plus fifty per cent of the longest minimum term for the most serious qualifying felony being sentenced.

{¶15} Johnson argues that the trial court imposed the one-year indefinite sentence on both qualifying felonies. However, his argument is misplaced. According to the journal entry, the trial court sentenced Johnson to two years on both counts of felonious assault. The trial court ran the sentences concurrently to each other and imposed an indefinite term of one year. As stated above, R.C. 2929.144(B)(3) requires the trial court to sentence the appellants to the maximum term, which should be equal to the longest of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section 2929.14 of the Revised Code for a qualifying felony of one-half of the longest minimum term for the most serious qualifying felony being sentenced, which in this case is one year. *See State v. McLoyd*, 2023-Ohio-3971, ¶ 66 (8th Dist.).

{¶16} Therefore, Johnson's sole assignment of error is overruled.

{¶17} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
MARY J. BOYLE, J., CONCUR