[Cite as *State v. Stephens*, 2024-Ohio-5653.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

STATE OF OHIO,

    Plaintiff-Appellee,

- vs -

JAMES MICHAEL STEPHENS,

    Defendant-Appellant.

**CASE NOS. 2024-L-022**
          **2024-L-023**

Criminal Appeals from the
Court of Common Pleas

Trial Court Nos. 2023 CR 000777
              2023 CR 001245

**O P I N I O N**

Decided: December 2, 2024
Judgment: Affirmed

*Charles E. Coulson*, Lake County Prosecutor, and *Kristi L. Winner*, Assistant Prosecutor, Lake County Administration Building, 105 Main Street, P.O. Box 490, Painesville, OH 44077 (For Plaintiff-Appellee).

*William C. Livingston*, Berkman, Gordon, Murray & Devan, 55 Public Square, Suite 2200, Cleveland, OH 44113 (For Defendant-Appellant).

ROBERT J. PATTON, J.

{¶1} Defendant-appellant, James Michael Stephens ("appellant"), appeals from the judgment of the Lake County Court of Common Pleas sentencing appellant to an aggregate prison term of twenty-five (25) years to life upon his convictions of four counts of rape, and two counts of sexual battery. The victims were between the ages of five and nine at the time of the offenses. Additionally, appellant was a parent of or parent-figure to the victims.

{¶2} Appellant was faced with over one hundred charges between Lake County Case Nos. 2023-CR-000777 and 2023-CR-001245, of which he pled to six charges. He knowingly, intelligently, and voluntarily pled guilty to each of the offenses. One sexual battery count was amended to include both minor victims. The amendments, and any error regarding them, were invited error through the plea negotiation process.

{¶3} Each of appellant's individual sentences imposed by the trial court were within the statutory range and not otherwise contrary to law. The trial court made the consecutive findings as required by R.C. 2929.14. The trial court's observations at sentencing and the record before us, including appellant's presentence investigation and the victim impact statements, support the trial court's findings pursuant to R.C. 2929.14(C) and the trial court's imposition of consecutive sentences.

{¶4} Finally, appellant failed to establish that trial counsel was ineffective at any stage of the proceedings.

{¶5} As such, we affirm the judgments of the Lake County Court of Common Pleas.

**Case No. 2023-CR-00777**

{¶6} On July 12, 2023, the Lake County Grand Jury returned an 81-count indictment, charging appellant with sixteen (16) counts of rape, first-degree felonies, in violation of R.C.2907.02(A)(1)(b) (Counts 1, 6, 11, 16, 21, 26, 31, 36, 41, 46, 51, 56, 61, 66, 71, 76); sixteen (16) counts of rape, first-degree felonies, in violation of R.C. 2907.02 (A)(2) (Counts 2, 7, 12, 17, 22, 27, 32, 37, 42, 47, 52, 57, 62, 67, 72, 77); sixteen (16) counts of gross sexual imposition, fourth-degree felonies, in violation of R.C. 2907.05(A)(1) (Counts 3, 8, 13, 18, 23, 28, 33, 38, 43, 48, 53, 58, 63, 68, 73, 78); sixteen

2

(16) counts of gross sexual imposition, third-degree felonies, in violation of R.C. 2907.05(A)(4) (Counts 4, 9, 14, 19, 24, 29, 34, 39, 44, 49, 54, 59, 64, 69, 74, 79); sixteen (16) counts of sexual battery, third-degree felonies, in violation of R.C. 2907.03(A)(5) (Counts 5, 10, 15, 20, 25, 30, 35, 40, 45, 50, 55, 60, 65, 70, 75, 80); and one (1) count of gross sexual imposition, a third-degree felony, in violation of R.C. 2907.05(A)(2) (Count 81).

{¶7} On July 21, 2023, appellant waived his right to be present at arraignment. Appellant pled not guilty to the charges contained in the indictment. The trial court set bond at $50,000 cash or surety or ten percent with a condition that appellant have no contact with the victim, the victim's family, or the residence. Bond was posted the same day.

{¶8} Four days later, on July 25, 2023, the State filed a motion to revoke bond which was granted. Appellant, through trial counsel, filed a motion to reinstate bond on September 12, 2023. The motion was denied. Appellant sought reconsideration of his motion to reinstate bond and requested a hearing. The trial court heard arguments on the motion on October 4, 2023. The trial court subsequently denied appellant's motion and he was held without bond.

**Case No. 2023-CR-001245**

{¶9} On December 1, 2023, the Lake County Grand Jury returned a second indictment charging appellant with twenty-six (26) additional counts: one (1) count of sexual imposition, a third-degree misdemeanor in violation of R.C. 2907.06(A)(1) (Count 1); three (3) counts of gross sexual imposition, fourth-degree felonies, in violation of R.C. 2907.05(A)(1) (Counts 2, 3, 4); one (1) count of gross sexual imposition, a third-degree

3

felony, in violation of R.C. 2907.05(A)(4) (Count 5), ten (10) counts of rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b) (Count 6, 8, 10, 12, 14, 16, 18, 20, 22, 24); and ten (10) counts of rape, first-degree felonies, in violation of R.C. 2907.02(A)(2) (Counts 7, 9, 11, 13, 15, 17, 19, 21, 23, 25). Appellant entered a plea of not guilty to the indictment on December 4, 2023. Bond was set at $500,000 cash or surety with the additional bond condition that appellant have no contact with any minor children.

{¶10} On December 6, 2024, the State filed a motion for joinder pursuant to Crim. R. 8(A) and Crim. R. 13. This motion along with several other motions were heard on January 8, 2024 and January 17, 2024.

## Plea and Sentencing

{¶11} On January 19, 2024, appellant appeared with counsel and entered a plea of guilty in both cases. As to Case No, 2023-CR-000777, appellant pleaded guilty to rape, a first-degree felony, in violation of R.C. 2907.02(A)(2) (Count 2), two counts of sexual battery, third-degree felonies, in violation of R.C. 2907.03(A)(5) (Counts 5 and 40), and rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b) (Count 51) as amended by the State. The State dismissed the remaining charges in the indictment.

{¶12} In Case No. 2023-CR-001245, appellant pleaded guilty to rape, a first-degree felony in violation of R.C. 2907.02(A)(1)(b) (Count 6) and rape, a first-degree felony in violation of R.C. 2907.02(A)(2) (Count 15) as amended by the State. The State dismissed the remaining charges in the indictment.

{¶13} The State offered the following factual basis at the plea hearing:

> In each of these cases the State would have submitted evidence to show beyond a reasonable doubt, specifically Case No. 1245 that would be the minor female victim M.S. and that in Case No. 777 it would be the minor female victims

4

M.M. and then M.M. and M.S. in Count 40 and the State would have submitted evidence to show beyond a reasonable doubt all those elements that you've set forth today, including the conduct. So what you've outlined in terms of our amended charges, we would have submitted evidence to show beyond a reasonable doubt all of those elements of the offense.

T.p. Plea, p. 31-32.

{¶14} Defense counsel agreed with the recitation of the amended charges and with the factual basis as presented by the State. T.p. Plea, p. 32.

{¶15} A sentencing hearing was held on February 26, 2024. As to Case No. 2023-CR-000777, the trial court sentenced appellant to a prison term of 10 years on Count 2, 60 months on Count 5, 60 months on Count 40, and an indefinite prison term of a minimum of 10 years to a maximum of life in prison on Count 51. The trial court ordered the sentences imposed on Counts 2, 5, and 51 to be served concurrently to each other but consecutive to the prison term imposed on Count 40. Appellant was classified as a Tier III Sex Offender Registrant.

{¶16} As to Case No 2023-CR-001245, the trial court sentenced appellant to an indefinite prison term of a minimum of 10 years to a maximum of life in prison on Count 6, and 10 years on Count 15. The sentences imposed were ordered to be served concurrent to each other but consecutive to the sentence imposed in Case No. 2023-CR-000777. Appellant was classified as a Tier III Sex Offender Registrant.

{¶17} Appellant was sentenced to an aggregate prison term of 25 years to life.

**On Appeal**

{¶18} Appellant raises seven assignments of error for review:

[1.] The Trial Court Erred In Imposing Consecutive Sentences (February 29, 2024, Judgment Entry, 23CR777, T.d. 159; February 29, 2024, Judgment Entry, 23 CR 1245, T.d. 66).

5

Case Nos. 2024-L-022, 2024-L-023

[2.] The trial court's imposition of an aggregate sentence of 25 years to life imprisonment under the circumstances of this case amounts to cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Article I, Section 9 of the Ohio Constitution. (February 29, 2024, Judgment Entry, 23CR777, T.d. 159 February 29, 2024, Judgment Entry, 23 CR 1245, T.d. 66).

[3.] The trial court's sentences on Counts 5 and 40 in Case No. 23 CR 777 are contrary to law, and in violation of Appellant's right to due process of law secured under Fourteenth Amendment of the United States Constitution and Article I, Section 16 of the Ohio, because the sentences were imposed under the mistaken belief that imprisonment was mandatory on those counts. (February 29, 2024, Judgment Entry, 23CR777, T.d. 159; February 29, 2024, Judgment Entry, 23 CR 1245, T.d. 66 February 26, 2024, Sentencing T.p. at p. 52).

[4.] The Trial Court Erred In Failing to Comply With Ohio Criminal Rule 32 At Sentencing. (February 26, 2024, Sentencing T.p).

[5.]Appellant's guilty plea is invalid because he did not enter it knowingly, intelligently, and: voluntarily. (Jan. 19, 2024, Plea Hearing T.p. at p. 6, 8).

[6].The trial court erred by accepting Appellant's guilty plea to Amended Count 40 in Case No. 23 CR 777 which alleges a single crime of sexual battery in violation of R.C. 2905.03(A)(5), committed against-multiple victims and in imposing sentence on that charge. (January 19, 2024, Plea Hearing, T.p. at pp. 5, 13-14).

[7.] Appellant was denied his constitutional right to the effective assistance of counsel, secured by the Sixth and Fourteenth Amendments to the United States Constitution and Article 1, Section 10 of the Ohio Constitution. (Jan. 19, 2024, Plea Hearing T.p at pp. 2, 5, 6, 8, 10, 13-14, 23).

{¶19} For ease of discussion, we will address appellant's assignments of error out of order.

6

Case Nos. 2024-L-022, 2024-L-023

**Plea**

**{¶20}** Appellant raises two assignments of error regarding his plea. In his fifth assignment of error, he argues that this "guilty plea is invalid because he did not enter it knowingly, intelligently, and voluntarily." In his sixth assignment of error, appellant asserts that the trial court erred by accepting his guilty plea to Amended Count 40 in Case No. 2023-CR-00777."

**{¶21}** "'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.'" *State v. Veney*, 2008-Ohio-5200, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, (1996). "Crim.R. 11 was adopted in 1973, giving detailed instruction to trial courts on the procedure to follow when accepting pleas." *Veney* at ¶ 7. Crim.R. 11 "'ensures an adequate record on review by requiring the trial court to personally inform the defendant of [her] rights and the consequences of [her] plea and determine if the plea is understandingly and voluntarily made.'" *State v. Dangler*, 2020-Ohio-2765, ¶ 11, quoting *State v. Stone,* 43 Ohio St.2d 163, 168 (1975). "This court reviews de novo whether the trial court accepted a plea in compliance with Crim.R. 11." *State v. Willard*, 2021-Ohio-2552, ¶ 51 (11th Dist.) citing, *State v. Dundics*, 2016-Ohio-1368, ¶ 10 (11th Dist).

**{¶22}** Crim.R. 11(C)(2) provides:

> In felony cases the court may refuse to accept a plea of guilty
> or a plea of no contest, and shall not accept a plea of guilty or
> no contest without first addressing the defendant personally
> either in-person or by remote contemporaneous video in
> conformity with Crim.R. 43(A) and doing all of the following:

7

Case Nos. 2024-L-022, 2024-L-023

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶23} When a defendant challenges his plea to a felony, a reviewing court engages in a three-prong inquiry: "(1) has the trial court complied with the relevant provision of [Crim.R. 11(C)(2)]? (2) if the court has not complied fully with the rule, is the purported failure of a type that excuses a defendant from the burden of demonstrating prejudice? and (3) if a showing of prejudice is required, has the defendant met that burden?" *Dangler* at ¶ 17.

{¶24} Upon review of the record, the trial court complied with the provisions of Crim.R. 11. The trial court addressed appellant personally. T.p. Plea, p. 9. The trial court detailed the nature of the charges. T.p, Plea, p. 12-18. Appellant indicated that he understood the charges. T.p, Plea, p. 18. The trial court then explained the effect of a guilty plea and the rights that appellant would be waiving by pleading guilty to the offenses, his rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the

8

State to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself. T.p. Plea, p. 19-22.

{¶25} The trial court explained the maximum penalty involved. The trial court also advised appellant of the mandatory nature of the sentences and that the trial court could proceed with judgment and sentence. T.p. Plea, p. 23-30.

{¶26} Appellant acknowledged that he was entering his plea freely and voluntarily without coercion. T.p. Plea, p. 31. After completion of the colloquy, appellant pleaded guilty to each of the six charges. T.p. Plea, p. 33. This agreement was also memorialized in a written plea agreement which was signed and acknowledged by appellant.

**Reagan Tokes Act**

{¶27} In his fifth assignment of error, appellant argues that his plea was not knowingly, intelligently, and voluntarily entered because he misunderstood the application of the Reagan Tokes Act to his sentences. Specifically, he argues that he did not receive a benefit from the State's amendment of the charges as only a single count was subject to the Reagan Tokes Act sentencing provisions.

{¶28} "The Reagan Tokes Law, effective as of March 22, 2019, implemented a system of indefinite sentencing for non-life felonies of the first and second degree committed on or after the effective date." *State v. Joyce*, 2022-Ohio-3370, ¶ 8 (11th Dist.). "'The 'Reagan Tokes Law,' * * * requires that for certain first- and second-degree felony offenses, a sentencing court impose on the offender an indefinite sentence consisting of a minimum and a maximum prison term. There is a presumption that the offender will be released from incarceration after serving the minimum prison term. But if that presumption is rebutted, the Ohio Department of Rehabilitation and Correction ("DRC") may maintain

9

Case Nos. 2024-L-022, 2024-L-023

the offender's incarceration up to the maximum prison term set by the trial court.'" *State v. Hutsenpiller*, 2024-Ohio-3069, ¶ 17 (11th Dist.), quoting S*tate v. Hacker*, 2023-Ohio-2535, ¶ 1.

**{¶29}** At the plea hearing, the State presented the plea agreement reached between the State and appellant. Between Case No. 2023-CR-00777 and Case No. 2023-CR-01245, there were over 100 charges against appellant. In exchange for his guilty plea to six of those charges, the State agreed to dismiss the remaining charges in the indictment. Additionally, the six charges would be amended. The State explained that "some of those counts" originally charged were subject to Reagan Tokes and the amendments placed the offenses prior to the enactment of Reagan Tokes. In other words, the parties specifically fashioned the agreement so as to avoid the application of additional indefinite sentences in accordance with Reagan Tokes. The sexual battery charges, Counts 5 and 40, are third-degree felonies and are not subject to Reagan Tokes. Count 51, rape pursuant to R.C. 2907.02(A)(1)(b), carries a life-tail, and are not subject to Reagan Tokes. R.C. 2929.13(F)(2) and R.C. 2971.03.

**{¶30}** After the State detailed the amendments and plea agreement on the record, the trial court inquired if the defense was in agreement with the State's recitation. Appellant's trial counsel stated: "[t]hose amendments do reflect the extent of our plea negotiations and they are to Mr. Stephens' benefit, so no objection and we are in agreement with those." T.p. Plea, p. 7.

**{¶31}** Appellant argues that he did not receive a benefit from the amendment on Count 2 as Count 2 was never subject to the application of Reagan Tokes. While this may be true, appellant was charged with several counts that were subject to Reagan Tokes:

10

Counts 17, 37, 42, 47, 52, 57, 62, 67, 72, 77. Appellant avoided additional prison time and the application of the Reagan Tokes Act to his sentence by pleading to Count 2.

**{¶32}** As such, appellant has not demonstrated that his plea was not knowingly, intelligently, and voluntarily given.

**{¶33}** Appellant's fifth assignment of error is meritless.

### Sexual Battery, R.C. 2907.03(A)(5)

**{¶34}** In his sixth assignment of error, appellant argues that his plea to Count 40, sexual battery should be vacated as it improperly involves two victims.

**{¶35}** Sexual Battery is defined in R.C. 2907.03(A)(5) as follows: "[n]o person shall engage in sexual conduct with another when any of the following apply: * * * (5) [t]he offender is the other person's natural or adoptive parent, or a stepparent, or guardian, custodian, or person in loco parentis of the other person." Appellant asserts that the statute applies to sexual conduct with a single person. He argues that the amended charge involves both minor victims and is therefore not a cognizable offense.

**{¶36}** While this may be true, any error regarding the amendment of the charge is invited.

> Ohio courts have routinely held that a person may plead guilty to a nonexistent offense as part of the plea-bargaining process. For example, Ohio courts have upheld guilty pleas to attempted involuntary manslaughter, which is not only a nonexistent crime, but a logically inconsistent one. *See, e.g., State v. Lester*, 8th Dist. Cuyahoga No. 106850, 2018-Ohio-4893, 2018 WL 6434522 (affirming a guilty plea to nonexistent crime of attempted involuntary manslaughter, on the basis that it was bargained for); *State v. Toms*, 2d Dist. Clark No. 2000 CA 64, 2001 WL 1018441, 2001 Ohio App. LEXIS 3944 (Sept. 7, 2001) (affirming a guilty plea to attempted involuntary manslaughter, without comment on the existence of such a crime, because any potential error was invited); *State v. Wickham*, 5th Dist. Muskingum No. CA 76-40, 1977

11

Case Nos. 2024-L-022, 2024-L-023

WL 201076, 1977 Ohio App. LEXIS 10210 (Sep. 28, 1977) (affirming a guilty plea to the nonexistent crime of attempted involuntary manslaughter, while questioning the technical and logical consistency of such a plea).

Here, Mitchell was facing a fifth-degree-felony charge of trafficking in marijuana. On advice of counsel, Mitchell negotiated a plea to a first-degree-misdemeanor possession charge. Having received the benefit of his bargain, Mitchell cannot now complain that the negotiated charge does not exist.

*State v. Mitchell*, 2023-Ohio-724, ¶ 16-17 (1st Dist.). *See also State v. Rohrbaugh*, 2010-Ohio-3286, ¶ 1, 7.

{¶37} Here, appellant received the benefit of his bargain by negotiating a plea of one count of sexual battery as opposed to multiple counts. Appellant cannot argue that the negotiated charge does not exist or otherwise take advantage of error that he invited through plea negotiations.

{¶38} Appellant's sixth assignment of error is without merit.

{¶39} As we have concluded that appellant's plea was knowingly, intelligently, and voluntarily entered, we will now turn to his assignments of error which relate to his sentencing.

**Sentencing**

{¶40} Appellant asserts four assignments of error relating to sentencing. In his first assignment of error, he alleges that the trial court erred in imposing consecutive sentences. In his second assignment of error, appellant argues that the imposition of an aggregate sentence of 25 years to life imprisonment amounts to cruel and unusual punishment under the Eighth Amendment of the United States Constitution and Article I, Section 9 of the Ohio Constitution. In appellant's third assignment of error, he argues that

12

his sentences on Counts 5 and 40 in Case No., 2023-CR-00777 is contrary to law. In his fourth assignment of error, appellant argues that the trial court failed to comply with Crim.R. 32 at sentencing.

**{¶41}** "R.C. 2953.08(G) governs our review of felony sentences, and provides, in relevant part, that after an appellate court's review of the record, it 'may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand * * * if it clearly and convincingly finds * * * [t]hat the sentence is * * * contrary to law.' " *State v. Lamb*, 2023-Ohio-2834, ¶ 9 (11th Dist.), citing *State v. Meeks*, 2023-Ohio-988, ¶ 11 (11th Dist.). *See, State v. Glover, 2024-Ohio-5195.* " '[A] sentence is contrary to law when it does not fall within the statutory range for the offense or if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.' " *Lamb* at ¶ 10, quoting *State v. Shannon*, 2021-Ohio-789, ¶ 11 (11th Dist.).

**{¶42}** "The Supreme Court of Ohio has held that while 'R.C. 2953.08(G)(2)(a) permits an appellate court to modify or vacate a sentence if it clearly and convincingly finds that "the record does not support the sentencing court's findings under" certain specified statutory provisions. But R.C. 2929.11 and 2929.12 are not among the statutory provisions listed in R.C. 2953.08(G)(2)(a). Only R.C. 2929.13(B) and (D), 2929.14(B)(2)(e) and (C)(4), and 2929.20(I) are specified.'" *State v. Feidler*, 2024-Ohio-2040, ¶ 10, (11th Dist.) quoting *State v. Jones*, 2020-Ohio-6729, ¶ 28. While R.C. 2953.08(G)(2)(b) does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C.

13

2929.11 and 2929.12, the trial court's imposition of consecutive sentencing is reviewable under R.C. 2953.08(G)(2).

## Consecutive Sentences

**{¶43}** "A court may order consecutive prison terms if it finds it is 'necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public,' and finds any of the R.C. 2929.14(C)(4)(a)-(c) factors are present." *State v. Campbell*, 2023-Ohio-4597, ¶ 11 (11th Dist.). "To impose consecutive terms, the court 'is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry.' " *State v. Elliott*, 2023-Ohio-412, ¶ 9 (11th Dist.) quoting *State v. Bonnell*, 2014-Ohio-3177, ¶ 37.

**{¶44}** R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the

14

Case Nos. 2024-L-022, 2024-L-023

offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶45}  When imposing consecutive sentences, "'a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings.'" (Emphasis added.) *State v. Passalacqua*, 2023-Ohio-3525, ¶ 27 (11th Dist.), quoting *State v. Bonnell*, 2014- Ohio-3177, ¶ 37.

{¶46}  The trial court is not required 'to give a talismanic incantation of the words of the statute, provided that the necessary findings can be found in the record and are incorporated into the sentencing entry.' [*Bonnell* at ¶ 37] Otherwise, 'the imposition of consecutive sentences * * * is contrary to law.' *Id.*" *Passalacqua* at ¶ 27.

{¶47}  The trial court made the following findings at the sentencing hearing as to Case No. 2023-CR-000777:

> [T]he Court finds consecutive sentences are necessary to protect the public from future crime and to punish the offender. They are not disproportionate. I can't see how anything could ever be disproportionate to the seriousness of this offender's conduct and to the danger he possess [sic] to the public and at least two of the multiple offenses were committed as part of one or more courses of conduct and that harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

T.p. Sentencing, p. 52-53.

{¶48}  The Court later made similar findings as to Case No. 2023-CR-1245. T.p. Sentencing, p. 53-54.

15

Case Nos. 2024-L-022, 2024-L-023

**{¶49}** Appellant does not dispute or otherwise contest that the trial court made the necessary statutory findings. Appellant does, however, argue in his first assignment of error that the record does not support consecutive sentences. Specifically, he asserts that the trial court's sentence is contrary to law because the consecutive nature of the sentences interferes with the statutory and administrative role of the Adult Parole Authority ("APA").

**{¶50}** Appellant cites to no authority in support of this contention. The trial court made the requisite findings to impose consecutive sentences. The trial court did not order every sentence to be served consecutively. Instead, the trial court ordered three of the six sentences to be served consecutively, for an aggregate term of 25 years to life. The trial court is well within its authority to set the minimum term of imprisonment to be served prior to parole eligibility. It is not until an offender serves the minimum term announced by the trial court, in this case 25 years, that authority vests in the APA to determine the eligibility of an offender for release. There is no basis in the law that a trial court is foreclosed from ordering a sentence with a life-tail to be served consecutively with another simply because the APA will later determine the length of sentence based on their assessment that an offender has been successfully punished and/or rehabilitated. To suggest otherwise would impermissibly encroach upon the trial court's domain.

**{¶51}** Also, within his first assignment of error, appellant argues that "the trial court did not consider the number of sentences that it imposed consecutively and the defendant's aggregate sentence that will result." We disagree.

16

Case Nos. 2024-L-022, 2024-L-023

**{¶52}** As noted above, the trial court ordered three of the six sentences imposed to be served consecutively. It is clear the trial court took proportionality into consideration when it sentenced appellant to 25 years to life.

**{¶53}** The Ohio Supreme Court made it clear that "an appellate court is directed that it must have a firm belief or conviction that the record does not support the trial court's findings before it may increase, reduce, or otherwise modify consecutive sentences." *State v. Gwynne*, 2023-Ohio-3851, ¶ 15 (plurality). This was reiterated in *State v. Glover*, 2024-Ohio-5195, ¶ 43, wherein the Ohio Supreme Court concluded that an "appellate court must limit its review to the trial court's R.C. 2929.14(C)(4) consecutive-sentencing findings" and that an appellate court is not permitted to simply substitute its view of an appropriate sentence for that of the trial court under R.C. 2953.08(G).

**{¶54}** The trial court's findings are supported by the record. Therefore, the trial court's imposition of consecutive sentences complies with R.C. 2929.14(C)(4) and the sentences are not otherwise contrary to law. The trial court made the appropriate considerations, and we cannot say the record creates a firm belief or conviction that the trial court's findings are not so supported.

**{¶55}** Appellant further argues that the trial court erroneously imposed consecutive sentences based on the elements of the offense. We disagree.

**{¶56}** After making the consecutive findings, the trial court stated: "[a]nd if any reviewing court needs more basis for making these consecutive sentences, he raped two little girls." T.p. Sentencing, p. 54.

**{¶57}** Appellant cites to this Court's decision in *State v. Polizzi,* 2019-Ohio-2505 11th Dist.) in support of his contention that the consecutive sentences are improper.

17

Case Nos. 2024-L-022, 2024-L-023

However, appellant's reliance is misplaced. In light of *State v. Gwynne*, 2023-Ohio-3851, ("*Gwynne V*"), this Court subsequently reconsidered *Polizzi* and affirmed the trial court's imposition of consecutive sentences. *See State v. Polizzi*, 2024-Ohio-142, ¶ 11 (11th Dist.).

**{¶58}** Moreover, "the statutory text of R.C. 2929.12(B) does not support a conclusion that a trial court may not recognize an element of an offense in its consideration of the seriousness of an offender's conduct. R.C. 2929.12(B) states that the trial court "shall consider all" of the factors "that apply regarding the offender, the offense, or the victim." Thus, the trial court is *required* to consider them." *State v. Russell*, 2020-Ohio-3243, ¶ 81 (11th Dist.).

**{¶59}** The trial court ordered three of six sentences to be served consecutively. The remaining terms were ordered to be served concurrently. The trial court did not impermissibly consider the nature of the offenses, but instead, appropriately considered the seriousness of appellant's conduct to wit: raping and sexually assaulting two children under the age of ten, one of whom was his biological child, over a period of several years. As such, we cannot clearly and convincingly find that the record does not support the trial court's finding that consecutive sentences are not disproportionate to appellant's conduct and the danger he poses to the public.

**{¶60}** For the reasons set forth above, appellant's first assignment of error is without merit.

### Cruel and Unusual Punishment

**{¶61}** In appellant's second assignment of error, he argues that the imposition of an aggregate sentence of 25 years to life amounts to cruel and unusual punishment.

18

Case Nos. 2024-L-022, 2024-L-023

Specifically, appellant asserts "that given his own childhood abuse and trauma as well as mental health issues and disorders that went untreated and undiagnosed for much of his life, his sentence of 25 years to life is unconstitutional."

{¶62} The Eighth Amendment to the United States Constitution provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." Section 9, Article I of the Ohio Constitution sets forth the same restriction: "Excessive bail shall not be required; nor excessive fines imposed; nor cruel and unusual punishments inflicted." This amendment applies to the states pursuant to the Fourteenth Amendment. *See Robinson v. California*, 370 U.S. 660 (1962).

{¶63} It is well established that " ' "The Eighth Amendment does not require strict proportionality between crime and sentence. Rather, it forbids only extreme sentences that are 'grossly disproportionate' to the crime." ' " *State v. Hairston*, 2008-Ohio-2338, ¶13, quoting *State v. Weitbrecht*, 86 Ohio St.3d 368, 373, (1999), quoting *Harmelin v. Michigan*, 501 U.S. 957, 997 (1991) (Kennedy, J., concurring in part and in judgment). The Supreme Court of Ohio held "where none of the individual sentences imposed on an offender are grossly disproportionate to their respective offenses, an aggregate prison term resulting from consecutive imposition of those sentences does not constitute cruel and unusual punishment." *Hairston* at syllabus.

{¶64} As noted above, each of the sentences imposed are within the statutory range for each offense. Appellant does not argue that these individual sentences are grossly disproportionate to the offenses committed. As such, appellant cannot establish that his aggregate prison term of 25 years to life constitutes cruel and unusual punishment.

19

**{¶65}** Appellant's second assignment of error is without merit.

## Contrary to Law

**{¶66}** In his third assignment of error, appellant argues that the sentences imposed on Counts 5 and 40 are contrary to law. Specifically, he asserts that the trial court erred in sentencing due to the trial court's mistaken belief that prison was mandatory on Counts 5 and 40.

**{¶67}** Appellant was advised of the mandatory nature of these sentences at the plea and the sentencing hearing. In the sentencing entry, the trial court concluded that the offenses were subject to mandatory prison terms pursuant to R.C. 2929.13(F).

**{¶68}** R.C. 2929.13(F) provides:

> Notwithstanding divisions (A) to (E) of this section, the court shall impose a prison term or terms under sections 2929.02 to 2929.06, section 2929.14, section 2929.142, or section 2971.03 of the Revised Code and except as specifically provided in section 2929.20, or section 2967.191 of the Revised Code or when parole is authorized for the offense under section 2967.13 of the Revised Code shall not reduce the term or terms pursuant to section 2929.20, division (A)(2) or (3) of section 2967.193 or 2967.194, or any other provision of Chapter 2967. or Chapter 5120. of the Revised Code for any of the following offenses:

> * * *

> (3) Gross sexual imposition or sexual battery, if the victim is less than thirteen years of age and if any of the following applies:

> (c) Regarding sexual battery, either of the following applies:

> (i) The offense was committed prior to August 3, 2006, the offender previously was convicted of or pleaded guilty to rape, the former offense of felonious sexual penetration, or sexual battery, and the victim of the previous offense was less than thirteen years of age.

20

Case Nos. 2024-L-022, 2024-L-023

(ii) The offense was committed on or after August 3, 2006.

{¶69}    Appellant was convicted of sexual battery, involving two minor children, under the age of ten and that offense was committed on or after August 3, 2006. According to R.C. 2929.13(F)(3), the trial court was required to impose a prison term and thus his sentence is not contrary to law in this regard. Moreover, even if the trial court did err in classifying appellant's sentences as a mandatory sentence, the trial court was well within its authority to order the imposed sentence to be served consecutively to other sentences imposed. Because the trial court was required to impose a prison term pursuant to R.C. 2929.13(F)(3) and separately made the consecutive sentence findings, the sentence is not contrary to law.

{¶70}    As such, Appellant's third assignment of error is meritless.

## Crim. R. 32

{¶71}  In his fourth assignment of error, appellant argues that the trial court failed to comply with Crim.R. 32 at sentencing for failing to advise appellant of his appellate rights.

{¶72}   "After imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." Crim.R. 32(B)(2).

{¶73}  The following subsection, Crim.R. 32(B)(3) provides:

> If a right to appeal or a right to seek leave to appeal applies under division (B)(1) or (B)(2) of this rule, the court shall also advise the defendant of all of the following:
>
> (a) That if the defendant is unable to pay the cost of an appeal, the defendant has the right to appeal without payment;

21

(b) That if the defendant is unable to obtain counsel for an appeal, counsel will be appointed without cost;

(c) That if the defendant is unable to pay the costs of documents necessary for an appeal, the documents will be provided without cost;

(d) That the defendant has a right to have a notice of appeal timely filed on his or her behalf.

{¶74} Appellant was not informed of his right to appeal at the sentencing hearing. Appellant's limited appellate rights were contained in the written plea. While the trial court did not comply with the requirements of Crim.R. 32(B)(2), appellant timely filed the instant appeal. Therefore, he has failed to demonstrate how the trial court's failure to advise him of his appellate rights prejudiced him. Thus, in this instance, the failure to advise appellant of his appellate rights does not amount to reversible error. *See State v. Tornstrom*, 2023-Ohio-763, ¶ 49-52 (11th Dist.). *See also State v. Middleton*, 2005-Ohio-681, ¶ 25 (12th Dist.).

{¶75} As such, appellant's fourth assignment of error is without merit.

**Ineffective Assistance of Counsel**

{¶76} In his seventh assignment of error, appellant alleges that his trial counsel was ineffective when counsel "failed to alert the [trial] court to the fact that prison was not mandatory on the defendant's third degree sexual battery offenses, misunderstood the application of relevant sentencing law to the defendant's case in plea negotiations, failed to object to an amendment to a sexual battery charge that included two victims in one count, and failed to adequately and [sic] investigate the [appellant]'s recent mental health and autism diagnosis and their impact for purposes of plea and sentencing."

22

**{¶77}** "To establish ineffective assistance of counsel, [a defendant] must show (1) that counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced the defendant, i.e., that there is a reasonable probability that but for counsel's errors, the proceeding's result would have been different." *State v. Drain*, 2022-Ohio-3697, ¶ 36 citing *Strickland v. Washington*, 466 U.S. 668, 687-688, 694 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142-143 (1989).

**{¶78}** A guilty plea precludes an appeal for ineffective assistance of counsel, with an exception to where a plea was not given knowingly, voluntarily, and intelligently. *State v. Cleavenger*, 2020-Ohio-73, ¶ 18 (11th Dist.).

> 'As a general proposition, the Supreme Court of Ohio has stated that "a guilty plea represents a break in the chain of events which has preceded it in the criminal process." *Id.*, quoting *State v. Spates*, 64 Ohio St.3d 269, 272, 595 N.E.2d 351, 1992-Ohio-130 (citation omitted). "Consequently, if a criminal defendant admits his guilt in open court, he waives the right to challenge the propriety of any action taken by the court or counsel prior to that point in the proceeding unless it affected the knowing and voluntary character of the plea. This also includes a waiver of any action which may have resulted in a 'deprivation' of a constitutional right that did not affect the knowing and voluntary character of the plea." *Id.* (Citation omitted).
>
> 'The mere fact that, if not for the alleged ineffective assistance of counsel, the defendant would not have entered a guilty plea is not sufficient to establish the requisite connection between guilty plea and the ineffective assistance. * * * Rather, ineffective assistance of trial counsel is found to have affected the validity of a guilty plea when it precluded a defendant from entering his plea knowingly and voluntarily.' [(Cleaned up.)] *State v. Bean*, * * * 2009-Ohio-682, at ¶ 11 * * *.

*State v. Davies*, 2009-Ohio-2793, ¶ 8-9 (11th Dist.).

Case Nos. 2024-L-022, 2024-L-023

**{¶79}** "To prevail on an ineffective assistance of counsel claim in such circumstances, the defendant must show that he was prejudiced by demonstrating a reasonable probability that but for counsel's errors, he would not have pled guilty to the charged offenses and would have instead insisted on going to trial." *State v. Hogya*, 2024-Ohio-639, ¶ 23 (11th Dist.), citing *State v. Hatcher*, 2023-Ohio-3884, ¶ 24 (8th Dist.).

**{¶80}** As it relates to his plea, appellant alleges that his counsel "misunderstood the application of relevant sentencing law." Further, appellant argues that his counsel was ineffective for failing to object to the amendment to a sexual battery charge that included two victims. Upon review, it is clear that trial counsel negotiated a deal from eighty-one counts in the indictment, to four charges in Case No. 2023-CR-000777. This negotiation involved pleading to offenses which were not subject to sentencing under the Reagan Tokes Act which would have subjected appellant to additional time in prison.

**{¶81}** As such, the record does not support appellant's contention that his counsel was ineffective during the plea process and does not support any claim that his plea was not knowingly, intelligently, or voluntarily entered. In other words, appellant has failed to establish that he would not have pled guilty to the charged offenses and would have instead insisted on going to trial.

**{¶82}** Appellant next argues that he received ineffective assistance of counsel when his counsel did not contest the mandatory nature of the prison terms and failed to argue and investigate his mental health and autism.

**{¶83}** As addressed above, sexual battery involving a victim under the age of thirteen is subject to a mandatory prison term pursuant to R.C. 2929.13(F)(3). Thus,

24

Case Nos. 2024-L-022, 2024-L-023

counsel's alleged failure to contest the mandatory nature of the prison term does not amount to ineffective assistance of counsel.

{¶84} Further, it is clear from the record that the trial court did consider and address appellant's mental health diagnoses including autism. Appellant mentioned his recent autism diagnosis during the plea hearing. Appellant's trial counsel subsequently sought to submit an expert report with their sentencing memorandum for the court's consideration which the court permitted. T.p. Plea Hearing, p. 39. Such report was filed under seal and discussed at the sentencing hearing. Tp. Sentencing, p. 8. The trial court specifically considered the evidence submitted, including the mental health reports.

{¶85} Appellant has failed to meet either prong of *Strickland v. Washington*, 466 U.S. 668 (1984) and cannot prevail on an ineffective assistance of counsel claim. As such, Appellant's seventh and final assignment of error is without merit.

## Conclusion

{¶86} For the reasons set forth above, we affirm the judgments of the Lake County Court of Common Pleas.

EUGENE A. LUCCI, P.J.,

MATT LYNCH, J.,

concur.

25

Case Nos. 2024-L-022, 2024-L-023