[Cite as *State v. Eggleton*, 2025-Ohio-1186.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                    :

    Plaintiff-Appellee,        :

                      No. 114268

    v.                        :

TIMMEKA EGGLETON,                 :

    Defendant-Appellant.       :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** April 3, 2025

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-23-682214-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Owen Knapp, Assistant Prosecuting Attorney, *for appellant*.

Cullen Sweeney, Cuyahoga County Public Defender, and Robert McCaleb, Assistant Public Defender, *for appellee*.

EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant Timmeka Eggleton ("Eggleton") appeals her sentence after pleas of guilty to murder and other charges. For the reasons that follow we affirm the decision of the trial court.

**Procedural History**

{¶ 2} On June 28, 2023, Eggleton was indicted for the beating death of her son C.W., date of birth February 1, 2020, and charged with aggravated murder , an unclassified felony (Count 1); murder, under R.C. 2903.02(A), an unclassified felony (Count 2); murder, under R.C. 2903.02(B), an unclassified felony (Count 3); felonious assault, a felony of the second degree (Count 4); and endangering children, with a furthermore specification of resultant serious physical harm, a felony of the second degree (Count 5).

{¶ 3} On June 11, 2024, Eggleton entered a negotiated plea of guilty to Counts 3, 4, and 5 as charged in the indictment. The State dismissed the remaining counts. As a condition of the plea, the parties stipulated that the counts were not allied offenses of similar import and agreed that the sentencing range would be a minimum of 19 to 31 years to life with no early release.

{¶ 4} At the sentencing hearing, C.W.'s father, paternal grandmother, paternal aunt, and former foster parents spoke about C.W.'s life and the devastation of his loss. C.W. was in foster care most of his life. C.W. was described as a joyful happy child by all who cared for him. Eggleton had lost custody of her older children but persuaded the juvenile court to return C.W. to her custody with protective supervision. Three months after protective supervision was terminated, Eggleton beat C.W. to death. Eggleton's adoptive mother spoke on her behalf and detailed a history of neglect in Eggleton's childhood home and sexual and physical abuse while in foster care amounting to "torture."

{¶ 5} The trial court sentenced Eggleton to 15 years to life on Count 3, 8-12 years, pursuant to S.B. 201, on Count 4, and 8 years on Count 5. The court ran the sentences consecutively. Eggleton appeals raising the following assignment of error for our review:

## Assignment of Error

It was error to impose an indefinite sentence on a count whose time was run consecutively to a count where a life tail was imposed.

## Law and Analysis

{¶ 6} Eggleton argues that it was error to run the indefinite sentence imposed under S.B. 201 consecutive to the indefinite sentence imposed for murder, claiming that the applicable statutes do not explicitly allow these sentences to run consecutively. While Eggleton centers her argument around the language of S.B. 201 and the policies that support indefinite sentencing in general, a review of the applicable law centers our analysis around felony sentencing requirements.

{¶ 7} Preliminarily, we note that the parties entered into a plea agreement that included an agreed minimum sentence of 19 to 31 years. A court of appeals generally reviews a felony sentence under the guidelines of R.C. 2953.08(G)(2). *State v. Artis*, 2022-Ohio-3819, ¶ 11 (8th Dist.). We may increase, reduce, modify, or vacate and remand a felony sentence if we find clearly and convincingly that either that (1) the record does not support the trial court's findings as required by certain sentencing statutes or (2) that the sentences are otherwise contrary to law. *Id.*

{¶ 8} However, when the parties present the court with a jointly recommended sentence that is imposed by the court, the sentence is not subject to appellate review if that sentence is authorized by law. *State v. Sergent*, 2016-Ohio-2696, ¶ 15, citing R.C. 2953.08(D)(1) ("A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge"). In the instant case, the parties agreed to a sentencing range of 19 to 31 years. This range necessarily includes the imposition of consecutive sentences. [1] However, the agreement did not include the imposition of an indefinite sentence on Counts 4 or 5 and the record reflects that the parties debated whether an S.B. 201 tail would apply in this case.

{¶ 9} Accordingly, our review is limited to determining whether the sentence was authorized by law with respect to the agreed terms, which includes the imposition of consecutive sentences. To the extent that Eggleton challenges the imposition of an indefinite sentence on Count 4, we review the sentence pursuant to R.C. 2953.08(G)(2) to determine whether it is contrary to law. We will discuss the issues together for ease of analysis.

{¶ 10} Generally, a trial court must make the findings required under R.C. 2929.14(C)(4) to impose consecutive sentences. However, courts have determined where there is an agreed sentence, the trial court need not make those

[1] If concurrent sentences were part of the agreed sentence, the minimum range would start at 15 years not 19 years.

findings.  *State v. Sergent,* 2016-Ohio-2696, ¶ 43.  Nevertheless, we note that our review of the record establishes that the trial court made the R.C. 2929.14(C)(4) findings at sentencing and in its journal entry.

{¶ 11}  Eggleton argues that the imposition of consecutive sentences where one case includes a life tail and the other includes a non-life tail under S.B. 201 is contrary to law because it is not explicitly permitted by the statute.  The State argues, however, that it is also not explicitly forbidden by the statute.  Based on our review of the applicable statutes, we disagree with Eggleton and find that the imposed sentence is authorized by law and that the S.B. 201 tail was not contrary to law.

{¶ 12}  A trial court has discretion to impose any sentence that comports with the purposes and principles of sentencing.  R.C. 2929.12(A).  A person who pleads guilty to murder under R.C. 2903.02 shall be sentenced to an indefinite term of 15 years to life.  R.C. 2929.02(B).  A person who pleads guilty to a felony of the second degree may face a term in prison for a minimum term of either two, three, four, five, six, seven, or eight years and a maximum term of 50 percent of the trial court's imposed minimum term.  R.C. 2929.14(A)(2)(a); R.C. 2929.144(B)(1).  If a person is sentenced to more than one felony, one or more of the felonies are qualifying felonies of the first or second degree under S.B. 201, and the court elects to impose consecutive sentences, the court shall impose a sentence as follows:

> If the offender is being sentenced for more than one felony, if one or more of the felonies is a qualifying felony of the first or second degree, and if the court orders that some or all of the prison terms imposed are to be served consecutively, the court shall add all of the minimum terms imposed on the offender under division (A)(1)(a) or (2)(a) of section

2929.14 of the Revised Code for a qualifying felony of the first or second degree that are to be served consecutively and all of the definite terms of the felonies that are not qualifying felonies of the first or second degree that are to be served consecutively, and the maximum term shall be equal to the total of those terms so added by the court plus fifty per cent of the longest minimum term or definite term for the most serious felony being sentenced.

R.C. 2929.144(B)(2).

{¶ 13} A sentence is contrary to law if the trial court fails to consider the purposes and principles of sentencing as set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12 or if the sentence falls outside the statutory range for the offense. *State v. Johnson*, 2024-Ohio-3106, ¶ 6 (8th Dist.).

{¶ 14} In the instant case, the trial court properly imposed a sentence of 15 years to life on Count 3, murder. Counts 4 and 5 were both qualifying felonies of the second degree, to which the court imposed sentences of eight years. The trial court also imposed the S.B. 201 tail on only one count, Count 4, as required by statute. R.C. 2929.144(B)(2). The sentence on Count 4 was therefore 8-12 years and within the statutory range. Accordingly, the trial court's sentence on Count 4 was not clearly and convincingly contrary to law.

{¶ 15} Turning to consecutive sentences, the legislature in drafting R.C. 2929.14(C)(4) applied the terms to any felony conviction where:

[i]f multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively.

R.C. 2929.14(C)(4)

{¶ 16} Eggleton ignores this language in R.C. 2929.14(C)(4) and argues that first- and second-degree felonies with a life tail committed after March 22, 2019, are not qualifying offenses under S.B. 201, citing a paper written by Judge Sean C. Gallagher, *Back to the Future: The Reagan Tokes Law (SB 201) and Ohio's Return to Indefinite Sentencing* (2019). However, Judge Gallagher was not referring to aggravated murder and murder which are not felonies of the first or second degree but, rather, are unclassified felonies. R.C. 2901.01(A), (C). S.B. 201 did not change the sentences for these unclassified felonies; it created new sentences for felonies of the first and second degree committed after March 22, 2019. *See* R.C. 2901.011, 2929.14, and 2929.144.

{¶ 17} R.C. 2929.14(C) does not restrict the imposition of consecutive sentences to specific types of felony crimes. *See State v. Wright*, 2022-Ohio-1537, ¶ 129 (Addressing consecutive sentences for aggravated burglary, aggravated robbery, and aggravated murder, "we find that R.C. 2929.14 expressly authorizes the trial court to impose consecutive sentences upon certain findings, all of which were properly made by the trial court in this case."). Furthermore, to the extent that Eggleton is concerned that imposition of two separate sentences with tails impacts the role of the Adult Parole Authority, we agree with the 11th District Court of Appeals ruling which found that

> [t]here is no basis in the law that a trial court is foreclosed from ordering a sentence with a life tail to be served consecutively with another simply because the APA will later determine the length of sentence based on their assessment that an offender has been

successfully punished and/or rehabilitated. To suggest otherwise would impermissibly encroach upon the trial court's domain.

*State v. Stephens*, 2024-Ohio-5653, ¶ 50 (11th Dist.). *See also State v. McLean*, 2022-Ohio-2806 (2d Dist.) (affirming the trial court's imposition of consecutive sentences on qualifying felonies where one sentence included a life tail).

**{¶ 18}** Based on the foregoing, we find that the trial court's sentence was authorized by law. Accordingly, Eggleton's assignment of error is overruled.

**{¶ 19}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

LISA B. FORBES, P.J., and
EILEEN T. GALLAGHER, J., CONCUR